PASQUALE LEONARDO *vs.* UNCAS MANUFACTURING CO.

JULY 13, 1950.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This cause came before the superior court *de novo* on the employer's appeal from a decision of the director of labor granting the employee's petition for review under the workmen's compensation act, general laws 1938, chapter 300. After a hearing and in accordance with the trial justice's decision a decree was entered granting the petition and ordering payment of compensation based upon maximum partial incapacity and medical expenses in accordance with the act. From that decree the respondent has prosecuted its appeal to this court.

The following facts appear in evidence and are not substantially disputed. The petitioner Pasquale Leonardo, sometimes appearing in certain of the papers as Pasco Lonardo, had been injured on June 4, 1945 by accident arising out of and in the course of his employment by the respondent, and at the time of hearing was forty-nine years of age. Under two preliminary agreements approved by the director of labor he had received weekly compensation based upon total incapacity. His average weekly wage at that time was $45.40.

The petitioner returned to his employment on September 16, 1946 and performed only work involving no heavy lifting or bending. On October 23, 1946 a compensation agreement and settlement receipt was approved by the director of labor and petitioner continued to work, first at a bench, and then successively as operator of a foot press, a drop hammer, and finally a back press. Occasionally at the special request of the respondent he had set some tools, which was his ordinary work. At certain of these operations

he was assisted by a helper, and when he was not thus assisted he experienced pains caused by his exertion in operating the machines and was not able to work full time.

Finally the pain in his lower back became so severe that he complained of his inability to work and was sent by respondent to Dr. Arthur E. Martin, an orthopedic specialist, who after an examination pronounced him able to work. However, the petitioner, after again attempting to do the lighter work, was obliged to quit on October 20, 1947 because of the recurring and increasing pains experienced from his back injury. From that date until the time of the hearing in the superior court on November 3, 1948 he had not worked or looked for work although he testified he would have taken a job if he could have performed it or if such a job had been offered to him.

During this period he had X rays taken and had been examined or treated by two or more orthopedic specialists, a general practitioner and a chiropractor. His treatment included attendance daily for four or five months at the Curative Center, and that fact, added to the pain he was suffering, caused him not to look for work. Doctor Martin, who had examined him in October 1947 and had reported he was able to work, was also associated with the Curative Center and on June 24, 1948 reported that petitioner was not able to work. The fair summary of the medical testimony based upon examinations, X rays and history shows that petitioner was suffering from spondylolisthesis and arthritis, which were aggravated by the injury causing disabling pain and rendering him partially incapacitated.

After the close of the hearing in the superior court petitioner moved to reopen the case in order to present additional evidence in connection with the nature and extent of his incapacity. This motion was granted, and at a subsequent hearing additional evidence was introduced by petitioner showing in effect that he was willing to resume any work that came within his physical capabilities; that respondent had offered him no work at any time; that

petitioner had sought such light work from respondent but was refused; and that he also had sought similar work at three other large established shops but without success.

The trial justice thereupon rendered a written decision, and in accordance therewith a final decree was entered containing among others findings that petitioner's present low back pains were directly due or referable to the original injury of June 4, 1945, rendering him partially disabled from October 21, 1947; that petitioner offered to work for respondent performing services of which he was physically capable but that respondent refused him such a job; and that petitioner also had made reasonable efforts without success to secure such work in other shops. The decree also ordered respondent to pay compensation for petitioner's partial incapacity in the sum of $18 per week and medical expenses in accordance with art. II, §5, of the act.

Respondent concedes that there is evidence to support the findings in the decree as to the existence and causal connection of petitioner's partial disability. But it contends that there is no evidence of his present earning capacity to support the findings therein that petitioner was entitled to $18 per week, or that he had offered to work for respondent and was refused a job, or that he had made reasonable efforts without success to secure work.

Respondent further claims that it was error for the trial justice to award the maximum amount of partial compensation under the act in reliance on *Bucci* v. *H. P. Hood & Sons, Inc.*, 75 R. I. 8, because that case, according to its own analysis and argument, is inconsistent with the rule as to the burden of proof previously stated in *Wareham* v. *United States Rubber Co.*, 73 R. I. 207, and *Walsh-Kaiser Co.* v. *D'Ambra*, 73 R. I. 37. In any event it contends that the evidence in the instant case distinguishes it from the *Bucci* case, *supra*, on several grounds including chiefly the fact that petitioner here was not discharged but voluntarily quit his job.

In our opinion the evidence and findings of the trial

justice bring the instant case within the principle stated and applied in *Bucci* v. *H. P. Hood & Sons, Inc., supra.* That case, if properly interpreted, does not support respondent's contention that it implicitly overrules the law as to the burden of proof which was stated in cases like *Wareham* v. *United States Rubber Co.* and *Walsh-Kaiser Co.* v. *D'Ambra, supra; Weber* v. *American Silk Spinning Co.,* 38 R. I. 309.

The burden of proof under the act is still upon the one asserting the affirmative of a contested issue. On a petition for review, whether brought by employer or employee, it is still necessary for the petitioner to establish by legal evidence the essential elements of his petition to entitle him to relief under the act. See *Walsh-Kaiser Co.* v. *D'Ambra* and *Bucci* v. *H. P. Hood & Sons, Inc., supra.* But in compensation cases that rule necessarily postulates good faith and reasonable cooperation on the part of both parties in order to give effect to the express provisions for relief under the act.

In certain cases, because the legislature has failed to prescribe precisely the appropriate method or formula for treating them fully and fairly, it has been necessary to adopt a liberal interpretation of the act and to apply established principles in order to effectuate its purpose. *Walsh-Kaiser Co.* v. *D'Ambra* and *Bucci* v. *H. P. Hood & Sons, Inc., supra.*

In our opinion similar treatment is necessary in the instant case. The act expressly grants relief generally to an employee who has established partial incapacity. The trial justice in substance found on the evidence that petitioner was partially incapacitated due to accidental injury; that respondent had refused him a job within his physical capacity; and that petitioner in good faith had made reasonable attempts to obtain such employment elsewhere but was unsuccessful. In our opinion such showing by an employee provides at least a prima facie case for maximum

partial compensation if the express purposes of the act are to be given reasonable effect.

To require that an injured employee in these circumstances must nevertheless establish by evidence his actual present earning capacity, which can be done only if there is available from the employer or otherwise a job which he can perform, would require something not within his power and would place a premium on the employer's noncooperation. Moreover it would admit the employee's partial incapacity but yet deprive him of any relief that is expressly intended by the act. Neither the rules of evidence nor the provisions of the act, which are remedial, require the performance of unreasonable or impossible tasks. In our opinion upon the trial justice's findings, which are supported by evidence, petitioner has brought himself within the category where similar principles of law have been applied by this court on petitions for review in order to give substantial effect to the express purposes of the act. See *Walsh-Kaiser Co.* v. *D'Ambra* and *Bucci* v. *H. P. Hood & Sons, Inc., supra.* For the necessity of cooperation by an employee in such circumstances see *Collyer Insulated Wire Co.* v. *Hockenson,* 71 R. I. 415; *M. & M. Transportation Co.* v. *Della Posta,* 74 R. I. 514; *Ucci* v. *Hathaway Bakeries, Inc.,* 75 R. I. 341.

In our judgment respondent's further argument in effect asks this court to consider and weigh the evidence as to whether petitioner made reasonable attempts to obtain suitable work in the interval between the voluntary quitting of his job and the hearing on his petition. But that issue has been considered by the trial justice and his findings on the evidence are conclusive under the act. Nor does the fact that petitioner originally left his work voluntarily and was not discharged distinguish it effectively from the *Bucci* case. Although petitioner here was not discharged *originally* he later in good faith applied for a job within his physical capabilities and respondent refused to give him such work, and his efforts in good faith to get suitable

work elsewhere were unsuccessful. Therefore the cases are not dissimilar in substance and effect under the act.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*William T. Kanelos,* for petitioner.

*Worrell & Hodge, Paul H. Hodge,* for respondent.