LENA R. MASTROGIOVANNI'S CASE.

Worcester. January 3, 1955. — February 8, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Workmen's Compensation Act*, Incapacity.

Evidence in a workmen's compensation case warranted a finding by the Industrial Accident Board that an employee who had been totally incapacitated by dermatitis from February until October was not partially incapacitated therefrom after early May in the following year.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Kirk*, J.

*Edmund Burke* (*Lee F. Burke* with him,) for the claimant.
*John T. Foynes*, for the insurer.

LUMMUS, J. The employee contracted dermatitis while working for Telechron, Inc., about February 8, 1952. By a decision of a single member, affirmed by the reviewing board on May 4, 1953, the employee was awarded compensation for total disability until October 20, 1952, when her physician discharged her as cured. A further hearing on the question of partial disability after May 4, 1953, was held before a single member. The employee testified that she has had no trouble with dermatitis since she left the employ of Telechron, Inc. Her medical expert testified that she is

---

[1] The report provided in part that "if the action of . . . [the trial judge] was in error and the plaintiff is not entitled to recover . . . [a] verdict is to be entered for the defendant." — REPORTER.

as able to work as she was before she had dermatitis, but she might have trouble working at Telechron, Inc. A single member found that she could earn as much elsewhere as she could at Telechron, Inc. He dismissed her claim for partial incapacity after May 4, 1953, and that was affirmed by the reviewing board. On June 18, 1954, the Superior Court entered a decree accordingly, dismissing her claim. She appealed.

The burden was on the employee to prove her claim for compensation. *Ricci's Case*, 294 Mass. 67, 68. The decision of the reviewing board, which controls that of a single member, must be sustained if supported by any evidence. *McKeon's Case*, 326 Mass. 202, 203. *Kulig's Case*, 331 Mass. 524, 525. In our opinion, there was evidence warranting the decisions of the single member and the reviewing board, and the final decree of the Superior Court.

*Decree affirmed.*