DARLINGTON FABRICS CORP. *vs.* ERNESTINE E. BURY.

JULY 6, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an employer's petition to review a decree of the workmen's compensation commission. After a hearing the single commissioner found that the respondent was still partially incapacitated but had not made a bona fide attempt to obtain work. From a decree of the full commission affirming the decree of the trial commissioner suspending future payments of compensation the respondent has appealed to this court.

The respondent was working as a doffer for petitioner on March 26, 1960 at an average weekly wage of $54.12 when she suffered a severe laceration of the right thumb. She was paid compensation on the basis of total incapacity. Somewhat later, on a date which does not appear, a petition for review was filed by the employer which was heard and a final decree entered on May 15, 1961 wherein the commission affirmed the decree of the single commissioner finding that respondent was partially incapacitated and that she had searched for light work in good faith but without success.

A second petition for review which is the petition now before the court, was filed by the employer on August 17, 1961 alleging that the employee's incapacity for work had ended or diminished. At the hearing before the single commissioner he stated: "Now, this proceeding is to find what you have done about getting a job since you were last here." It appeared from the testimony that respondent had been to only two places in six months to look for work. She stated that she was going to Dr. Gordon every three or four weeks and that she had different exercises to do.

The commissioner in his decision stated that respondent appeared without counsel. He found that while she might

have some incapacity for work he was satisfied that it was very slight and, having in mind that she had previously been warned that her benefits might be suspended unless she found work, he felt compelled to suspend them. Following this decision, counsel entered his appearance for respondent.

From the papers in the case it appears that respondent is a resident of the town of Seekonk in the commonwealth of Massachusetts. Without knowing more as to the exact location of her residence we are unable to say whether the city of Providence with its possible opportunities for employment is reasonably available to her. From her own testimony it does not appear that she sought work in Providence. It does appear that what effort was made by her to find employment was confined to Pawtucket.

It appears from her own testimony that she made few attempts to obtain employment. On the other hand, however, petitioner apparently made no attempt to offer her suitable work in its own plant or to suggest to her any employer who had a type of work that would be suitable for a person afflicted with a right hand that lacked its usual degree of strength and efficiency.

In such circumstances we are of the opinion there is a mutual duty. Clearly, respondent should exert herself and make a genuine and honest effort to find employment suited to her condition. There is, however, some duty on the part of petitioner. The extent of that duty cannot be clearly and definitely expressed. In *Moss Construction Co.* v. *Boiani,* 84 R. I. 486, the court said at page 489: "The burden of proof under the act is still upon the one who asserts the affirmative in his petition," and further at page 490: "We have examined the record and observe nowhere a finding that petitioner offered light work which respondent could perform in his physical condition or directed him to such light work that was available to him elsewhere. In

the absence of such evidence and finding we conclude that petitioner failed to sustain the burden placed upon it."

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission for further proceedings in accordance with this opinion.

*Worrell and Hodge, Richard D. Worrell,* for petitioner.

*William R. Goldberg, Ronald R. Gagnon,* for respondent.