**Betty BIGELOW, Employee-Appellant,**

v.

**SEARS, ROEBUCK & COMPANY,
Employer-Appellee.**

Supreme Court of Delaware.

Dec. 4, 1969.

Oliver V. Suddard, Wilmington, for employee-appellant.

David A. Drexler of Morris, Nichols, Arsht & Tunnell, Wilmington, for employer-appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

The Opinion of the Superior Court in this workmen's compensation case is reported at 251 A.2d 573. Reference is made thereto for a statement of the facts.

As there appears, the Superior Court concluded that there was no substantial evidence to support the finding of the Industrial Accident Board that the employee's total disability, resulting from an accident on August 26, 1966, had not terminated as of September 29, 1967. We are unable to agree with that conclusion.

The following evidence was before the Board:

The employee had suffered by the accident a "low lumbar disc syndrone with herniation * * * permanent in nature", for which disc surgery was prescribed as the only reasonably probable remedy.* Her condition restricted her "from performing those activities which would require her to use her low back": she could not "lift or shove or push or stay on her feet for long periods"; she was unable to arch her back in order to reach; she was unable to bend or stoop; she was unable to drive an automobile for any appreciable period of time.

---

* It is noteworthy that the employee had surgery for the herniated disc in July 1969.

For these reasons, the employee was unable to accept reemployment in her profession as a trained interior decorator. During the period of employment, and for many years theretofore, she conducted an interior decorating business from a shop adjacent to her home. After her disability, the business was continued with the help of others, but the employee's participation therein was sporadic. She was incapacitated by her back condition and pain much of the time, being frequently confined to her nearby home whence she gave instructions to her employee and carried on some business by telephone. She was unable to carry on the usual activities of the business, such as lifting and moving furniture and carpeting, measuring, climbing ladders, lifting and carrying samples, and driving a car. During the year 1967, the business showed a net profit of only $1,212.85, with no rent-charge against the business for the self-owned shop.

■ Total disability may be found, in spite of sporadic earnings, if the claimant's physical condition is such as to disqualify her from regular employment commensurate with her qualifications and training. M. A. Hartnett, Inc. v. Coleman, Del.Supr., 226 A.2d 910 (1967). Total disability, once established as here, continues until the employer is able to show the availability of regular employment within the employee's capabilities. Ham v. Chrysler Corporation, Del.Supr., 231 A.2d 258 (1967).

■ Tested by those guidelines, we are of the opinion that there was substantial evidence before the Industrial Accident Board of the continuance of total disability in this case, sufficient to require the Superior Court to uphold the finding of the Board. General Motors Corporation v. Freeman, 53 Del.Supr. 74, 164 A.2d 686 (1960). Accordingly, the judgment of the Superior Court must be reversed, and the cause remanded with directions to affirm the Industrial Accident Board.