Herman STIKELEATHER, Appellant Below,
Appellant,

v.

Thomas R. ZAPPACOSTA, Appellee Below,
Appellee.

Supreme Court of Delaware.

June 2, 1972.

On Reargument June 22, 1972.

Oliver V. Suddard, Wilmington, for appellant below, appellant.

Howard M. Berg, of Berg, Taylor & Komissaroff, Wilmington, for appellee below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

PER CURIAM:

In this workmen's compensation case, upon the employee's petition to determine compensation, the Industrial Accident Board found that he sustained a vertebra fracture and total disability as the result of a compensable accident on March 5, 1970; and "that the total disability should run from that date until November 6, 1970, the recovery date fixed by Dr. Cates". These findings were made by the Board on December 9, 1970 following a hearing on October 28, 1970. The employee appealed the termination decision to the Superior Court, which affirmed. The employee again appeals.

We hold that the Board erred in determining the termination of total disability upon the basis of the physician's prognosis *in futuro*.

Dr. Cates last examined the employee on July 14, 1970. At the hearing on October 28, 1970, the physician testified that he had "not yet released him for any full work as of this time". As to anticipated improvement, Dr. Cates testified that as of his last examination:

"Q Now, I think you said that you haven't discharged him. But you haven't seen him to discharge him, have you?

"A Since July the 14th I have not seen him other than today.

"Q And your opinion on July 14th was that he again could do light work?

"A Yes, I felt that he could. He had had a flare-up.

"Q And you would normally have expected his condition to improve, Doctor?

"A Yes. I would think it would be a gradual improvement over a period of time.

"Q So to the point where he could perform heavy work?

"A Yes. I would think with some time and strengthening his back and conditioning himself, he could probably return and do most of the things he had done before. I would think there might be a few things that might bother him. He had loss of about a third of the height of the vertebra. In other words, the compression was about one third of the body, which might continue to give him some minor symptoms on real heavy exertion."

The ruling of the Board as to termination was obviously based upon the following conclusionary testimony of Dr. Cates:

"Q And based on your examination you expected continuous improvements in his condition, I think you testified to that, did you not?

"A Yes, up to a certain point.

"Q You indicated a gradual improvement with time. For what period of time could we expect improvement?

"A Usually these people improve for six months, give or take a month or two. Usually they improve after they return to work for about six months.

"Q All right. So that that would be—

"A Probably eight months altogether from the time of the injury.

"Q And it is anticipated that there will be a permanent residual disability to Mr. Stikeleather as a result of this injury?

"A Yes. Yes, I would think so, with the degree of compression he has which is residual.

"Q And it is anticipated that that permanent residual disability will also affect his ability to perform some of the heavier types of activities?

"A Well, yes, that's what it would be based on, I think."

 The physician's prognosis testimony, as to recovery and termination of total disability, was too vague and conjectural to support the Board's finding of termination. Such speculative testimony does not constitute substantial evidence of the termination of "total disability" as that term is to be understood under our Statute. 19 Del.C. § 2324; M. A. Hartnett, Inc. v. Coleman, Del.Supr., 226 A.2d 910, 912–913 (1967). Moreover, the Board's action did not comply with the settled rule that total disability, once established, is deemed to continue until the employer establishes the availability of regular employment within the employee's capabilities. Huda v. Continental Can Company, Inc., Del. Supr., 265 A.2d 34 (1970).

The employer contends that the Board's action must be affirmed because (1) Dr. Cates was the employee's witness and the sole medical witness, and (2) the issue appealed arose under an employee's petition to determine disability rather than an employer's petition to terminate disability. There is no merit in either of these contentions.

\* \* \*

Reversed and remanded for further proceedings not inconsistent herewith.

### UPON MOTION FOR REARGUMENT

The employer points to 19 Del.C. § 2347 \* and contends that, in view of the six-month limitation contained therein, the foregoing

---

\* 19 Del.C. § 2347 provides in pertinent part:

"§ 2347. *Review by Board of agreements or awards; grounds; modification of award*

"On the application of any party in interest on the ground that the incapacity of the injured employee has subsequently terminated, increased, diminished or recurred, or that the status of the dependent has changed, the Board may at any time, but not oftener than once in 6 months, review any agreement or award."

ruling means that a carrier will be required to pay disability compensation for at least six months after the award in every case.

Our holding does not have that result. The six-month limitation established by § 2347 is upon multiple reviews; it runs from the date of the last review, not from the date of the award. Accordingly, insofar as § 2347 is concerned, the employer here has been free to file a first petition for review ever since the entry of the award.