**FACCIOLO PAVING AND CONSTRUCTION COMPANY, Employer, Appellant,**

v.

**James HARVEY, Employee, Appellee.**

Supreme Court of Delaware.

July 10, 1973.

Howard M. Berg and Julius Komissaroff of Berg, Taylor & Komissaroff, Wilmington, for employer, appellant.

Oliver V. Suddard, Wilmington, for employee, appellee.

Before CAREY and HERRMANN, Associate Justices, and BIFFERATO, Judge.

HERRMANN, Justice:

In this workmen's compensation case, upon the employee's petition to determine compensation, the Industrial Accident Board found that the employee, a laborer, suffered a "back sprain" caused by the accident; that the result was total disability for about two months. The Board found that a skin condition, scleredema, was not caused by the accident. The Board made an award for total disability, but limited it to the two month period related to the back sprain.

The Superior Court approved the Board's two findings as to causation, upon

the grounds of sufficient substantial evidence as to the back sprain and the employee's failure to sustain his burden of proof as to the skin condition; but the Court disapproved the Board's attempt to make an award of "temporary" total disability under our Statute. We affirm both conclusions. General Motors Corporation v. Freeman, Del.Supr., 164 A.2d 686 (1960); Ernest DiSabatino & Sons, Inc. v. Apostolico, Del.Supr., 269 A.2d 552 (1970).

The Superior Court remanded the cause to the Board with instructions to proceed further as upon a petition for termination of total disability, with the burden upon the employer to show the availability of regular employment within the employee's capabilities, citing Stikeleather v. Zappacosta, Del.Supr., 293 A.2d 572 (1972).

We have recently clarified this burden-of-proof rule. In Franklin Fabricators v. Irwin, Del.Supr., 306 A.2d 734 (1973), it was stated that the subject rule is intended to apply in "displaced" or "odd-lot" worker cases only, not in every proceeding involving termination of total disability compensation; and the following general guidelines for application of the rule were there set forth:

"* * * If the evidence of degree of obvious physical impairment, coupled with other factors such as the injured employee's mental capacity, education, training, or age, places the employee *prima facie* in the 'odd-lot' category, as defined in *Hartnett*[1] and *Ham*,[2] the burden is on the employer, seeking to terminate total disability compensation, to show the availability to the employee of regular employment within the employee's capabilities. * * * If, on the other hand, the evidence of degree of physical impairment, coupled with the other specified factors, does not obvious-ly place the employee *prima facie* in the 'odd-lot' category, the primary burden is upon the employee to show that he has made reasonable efforts to secure suitable employment which have been unsuccessful because of the injury; upon such *prima facie* showing of 'odd-lot' classification, the *Ham* burden of proof is imposed upon the employer, seeking to terminate total disability compensation, to show availability to the worker, thus 'displaced', of regular employment within his capabilities. * * *."

■ The instant "back sprain" case apparently falls within the stated second category: a physical impairment the degree of which "does not obviously place the employee *prima facie* in the 'odd-lot' category."

Accordingly, upon the remand of this case to the Board, the primary burden will be upon the employee "to show that he has made reasonable efforts to secure suitable employment which have been unsuccessful because of the injury." Only upon such *prima facie* showing of "odd-lot" classification will the employer have a secondary *Ham* burden of proof in this case.

■ The employee complains that he has had no medical opinion that he was able to return to work, prior to hearing the medical testimony adduced by the employer at the hearing before the Board; that, therefore, he could not be expected to seek employment prior to that time. The point has no relevancy in the present posture of the case. The employee now knows the opinions of the medical witnesses produced by the employer, and may govern himself accordingly on the remand. Moreover, by virtue of Statute and Board Rule, the employee was entitled to copies of all medical reports in the hands of the employer and to a pretrial exchange of all information available as to any issue to be tried. 19 Del.C. § 2322(d); Board Rule 9. The em-

---

1. M. A. Hartnett, Inc. v. Coleman, Del.Supr., 226 A.2d 910 (1967).

2. Ham v. Chrysler Corporation, Del.Supr., 231 A.2d 258 (1967).

ployee had, and now has, the benefit of such discovery.

The judgment below is modified and the cause remanded for further proceedings in accordance herewith.