**CHRYSLER CORPORATION, Appellant, Appellee-Below, Employer,**

v.

**Ernest DUFF, Appellee, Appellant-Below, Employee.**

Supreme Court of Delaware.

Dec. 27, 1973.

Carl Schnee, of Tybout, Redfearn & Schnee, Wilmington, for appellant, appellee below, employer.

Oliver V. Suddard, Wilmington, for appellee, appellant below, employee.

Before HERRMANN, Chief Justice, CAREY, Associate Justice, and QUILLEN, Chancellor.

QUILLEN, Chancellor:

The employee Ernest Duff was injured at Chrysler Corporation when a car bumper fell and hit him on the head. After a hearing, the Industrial Accident Board decided that Mr. Duff was disabled and granted him total disability compensation. In an unusual comment in its opinion the Board said:

"It may be that the claimant's total disability will end soon or perhaps has already ended. If this is the case though, the employer can file the necessary petition."

Chrysler Corporation filed a petition for review alleging that employee's total disability had terminated. A hearing was held on June 25, 1971 and, by decision dated September 8, 1971, the Board authorized Chrysler to terminate total disability payments to the employee as of February 19, 1971. Mr. Duff appealed to the Superior Court which, by opinion dated December 20, 1972, on the ground of insufficient evidence reversed the Board's finding that the employee's total disability had terminated. Duff v. Chrysler Corporation, Del.Super., 301 A.2d 309 (1972). In accordance with the Superior Court decision, the employee continues on total disability. Chrysler brings this appeal from that decision.

The Superior Court concluded that the employee Duff was a "displaced" or "odd lot" worker and the employer Chrysler did not meet its burden of proof, showing the availability of regular employment within the employee's capabilities. M. A. Hartnett, Inc. v. Coleman, Del.Supr., 226 A.2d 910 (1967); Ham v. Chrysler Corporation, Del.Supr., 231 A.2d 258 (1967); Bigelow v. Sears, Roebuck & Company, Del.Supr., 260 A.2d 906 (1969); Huda v. Continental Can Company, Inc., Del.Supr., 265 A.2d 34 (1970).

Unfortunately for the orderly progress and final disposition of this case, on May 30, 1973, while the briefing in this case was proceeding in this Court, this Court, in Franklin Fabricators v. Irwin, Del.Supr., 306 A.2d 734 (1973), elaborated significantly on prior decisions. In the *Ham* case, *supra*, this Court ruled that, in the review of total disability in the case of an "odd-lot" or "displaced" employee, an additional burden was placed on the employer "to show the availability of regular employment" and, "[i]n the absence of such proof, the claimant's total disability must be deemed to continue." In the *Franklin Fabricators* case at 306 A.2d 737, this Court added the following:

"For the sake of clarity, we take the occasion to state that the burden-of-proof rule of the *Ham* case is intended to apply only in 'displaced' worker cases. It is not intended to apply in every case in which the employer seeks to terminate total disability compensation, as is indicated in the opinion of the Court below. See 300 A.2d at 21.

"In this class of case, we apply the 'general-purpose principle on burden of proof', approved at 2 Larson, Workmen's Compensation Law § 57.61, pp. 88.16–88.19: If the evidence of degree of obvious physical impairment, coupled with other factors such as the injured employee's mental capacity, education, training, or age, places the employee *prima facie* in the 'odd-lot' category, as defined in *Hartnett* and *Ham*, the burden is on the employer, seeking to terminate total disability compensation, to show the availability to the employee of regular em-

ployment within the employee's capabilities. This was the situation in *Ham* and in Bigelow v. Sears, Roebuck & Company, Del.Supr., 260 A.2d 906 (1969). If, on the other hand, the evidence of degree of physical impairment, coupled with the other specified factors, does not obviously place the employee *prima facie* in the 'odd-lot' category, the primary burden is upon the employee to show that he has made reasonable efforts to secure suitable employment which have been unsuccessful because of the injury; upon such *prima facie* showing of 'odd-lot' classification, the *Ham* burden of proof is imposed upon the employer, seeking to terminate total disability compensation, to show availability to the worker, thus 'displaced', of regular employment within his capabilities. This was the situation in Huda v. Continental Can Company Inc., Del.Supr., 265 A.2d 34 (1970), and in the instant case. In either case, full opportunity must be afforded the employer to sustain the burden of proof thus imposed."

Given the procedural history of this case and the development of the law, two issues are presented by this appeal. First, was the employee Duff *prima facie* a "displaced" worker? Second, if not, what disposition should be made in light of the *Franklin Fabricators* case?

In the opinion below, which was written prior to the *Franklin Fabricators* opinion in this Court, the Superior Court concluded that a worker "totally disabled" was also "displaced". That conclusion was erroneous as the above quoted language from the *Franklin Fabricators* case demonstrates.

The term "displaced" worker "is used to refer to a worker who, while not completely incapacitated for work, is so handicapped by a compensable injury that he will no longer be employed regularly in any well known branch of the competitive labor market and will require a specially-created job if he is to be steadily employed." Ham v. Chrysler Corporation, *supra*, at 231 A.2d 261.

Unfortunately, the Board's decision did not make any precise finding on the "displaced" worker issue. We endorse the comments of the Superior Court to the effect that the form of the findings by the Board is inadequate. From our review of the record of the June 25, 1971 hearing, the evidence there adduced "does not obviously place the employee *prima facie* in the 'odd-lot' category".

■ In brief, it is noted that the medical evidence shows the employee was only partially disabled physically by a cervical lumbar back strain with no neurological complications. Both doctors agreed that the employee could work with some limitation on lifting heavy objects and bending. Indeed, one doctor, a specialist in rehabilitation and physical medicine, "felt return to work would be therapeutic" and "strongly urge[d] return to work". The evidence at the June 25, 1971 hearing does not justify the conclusion that the "degree of obvious physical impairment, coupled with other factors such as the injured employee's mental capacity, education, training, or age, places the employee *prima facie* in the 'odd-lot' category". Franklin Fabricators v. Irwin, *supra*. There is simply insufficient evidence to raise an issue of fact as to the employee's nonemployability without reference to the extra element of unavailability of regular employment within the employee's capabilities. Consequently, "the primary burden is upon the employee to show that he has made reasonable efforts to secure suitable employment which have been unsuccessful because of the injury". *Ibid.* Only when the employee makes such a *prima facie* showing is the burden of proof imposed on the employer "to show availability to the worker . . . of regular employment within his capabilities." *Ibid.*; Facciolo Paving and Construction Company v. Harvey, Del. Supr., 310 A.2d 643 (1973).

■ One factor which may weigh heavily is the refusal of the employer, because of the injury, to offer the employee the lighter work which the employee is capable of performing. Indeed, it has been sug-

gested indirectly that this factor alone may legally satisfy any burden of the employee. See 2 Larson's Workmen's Compensation, § 57.62, p. 88.20 [but note reliance on Darlington Fabrics Corp. v. Bury, 95 R.I. 62, 182 A.2d 437 (1962), a case later overruled by Davol Rubber Co. v. Lafoe, 277 A.2d 128 (R.I.1971)]. A failure to rehire because of the injury does not, however, foreclose further evidence on the issue of employability. On the overall evidence question, it has been said that "although a refusal by the employer to rehire the employee after the injury appears to put the employer in a very weak position to assert availability of suitable employment, there may be special circumstances in which this would not of itself conclude the issue." 2 Larson's Workmen's Compensation, § 57.- 61, p. 88.15–88.16 [citing Mastrogiovanni's Case, 332 Mass. 228, 124 N.E.2d 246 (1955)].

It seems to us that, given the great variety of factual situations, it is unwise to focus solely on one factor as necessarily decisive on the burden of proof. Both the employer and the employee share a mutual duty to obtain employment for the employee, the precise extent of which cannot be clearly and definitely expressed as a general rule. Compare Leonardo v. Uncas Manufacturing Company, 77 R.I. 245, 75 A.2d 188 (1950). Mastrogiovanni's Case, supra. At this stage, it is difficult for us to allocate the burden of proof as a general rule in any more precise terms than has already been done in the *Franklin Fabrica-*

*tors* case. In a specific factual context, it may be correct for the Industrial Accident Board to conclude that evidence of the refusal of the employer to rehire the employee satisfies the employee's *prima facie* burden to show "reasonable efforts to secure suitable employement which have been unsuccessful because of the injury". In another factual context, it may not be correct. In short, the rehiring refusal factor is a factor to be considered among all the others in determining whether the employee has made a *prima facie* showing of "reasonable efforts to secure suitable employment".[1]

We note the factor of a rehiring refusal by the employer because the employee makes that claim in this case. The employer produced evidence, however, to show the employee was discharged for cause due to unexcused absenteeism. The conflicting implications from this evidence were not resolved by the Board. If it is found that the reason the employee was not rehired was justifiably due to unexcused absenteeism and not his diminished physical ability, the failure to rehire factor would carry little weight in satisfying the employee's burden.

■ Since the *Franklin Fabricators* decision came down after the Industrial Accident Board decision and after the Superior Court opinion below, it seems appropriate that the parties and tribunals involved should reconsider this case in light of *Franklin Fabricators*. It should not be

1. We note that the *Franklin Fabricators* standards may be more difficult in practice than in mere statement. We do not desire from our limited position of appellate review to dictate the details of practice before the Board. Perhaps, however, it would be useful to state generally how we envisage the standards in operation: In the ordinary total disability termination case, the employer should initially be required to show that the employee is not completely incapacitated for work and, in demonstrating medical employability, will have, as a practical matter, the opportunity to show by the factors of physical impairment, mental capacity, training, age, etc., that the employee is not in the "odd-lot" category. In response, the employee may present his evidence in support of total dis-

ability, his evidence that he is prima facie in the "odd-lot" category and, if appropriate, his evidence of reasonable efforts to secure employment which have been unsuccessful because of the injury. In rebuttal, the employer may present evidence of the availability of regular employment within the employee's capabilities as well as any other rebuttal evidence. Surrebuttal may be permitted to show nonavailability of regular employment. Obviously, legal rulings, when applied for in a given case can affect this general procedural outline and these remarks should not be construed as a rule of law to be inflexibly applied. Equally obviously, the Board must make practical adjustments on the order of the presentation of evidence.

necessary to repeat evidence already in the record. But each party, and particularly the employee, might make different decisions in the development of the evidence in light of the *Franklin Fabricators* opinion and the decision herein that the evidence "does not obviously place the employee prima facie in the 'odd-lot' category". Fairness dictates that they have an opportunity to do so. The Industrial Accident Board also should make findings and render a new decision in light of *Franklin Fabricators*, the opinion herein, and the comments in the Superior Court opinion below as to the necessity for adequate conclusions of fact and rulings of law.

Accordingly, the Superior Court's decision overturning the termination of total disability is reversed and the case is remanded with instructions that the decision of the Industrial Accident Board be set aside and a supplemental hearing be held promptly in light of the case of Franklin Fabricators v. Irwin, *supra*.