SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

January 26, 2016

H. Garrett Baker, Esquire
Elissa A. Greenberg, Esquire
Andrew J. Carmine, Esquire
Elzufon Austin Tarlov & Mondell, P.A.
300 Delaware Ave., Suite 1700
Wilmington, DE 19802

Walt F. Schmittinger, Esquire
Schmittinger and Rodriguez, P.A.
414 South State Street
Dover, DE 19903

> **RE: *Roos Foods v. Magdalena Guardado***
> ***C.A. No.: S15A-05-002-ESB***

Dear Counsel:

This is my decision on Roos Foods' appeal of the Industrial Accident Board's denial of its Petition for Termination of Benefits for Magdelena Guardado. Guardado worked for Roos Foods for approximately five years. Guardado performed a variety of tasks for Roos Foods, but spent most of her time operating a machine that made cream. Guardado was involved in a compensable work-related accident on June 22, 2010. Guardado injured her left wrist when she slipped on the floor at work. Guardado was in and out of work until the summer of 2013 when she was placed on total disability. Dr. Richard P. DuShuttle surgically fused Guardado's wrist on June 18, 2014. Dr. DuShuttle released Guardado to light-duty, one-handed work on August

7, 2014. Notwithstanding that, Guardado has not been able to find a job.

Guardado is 38-years-old. Guardado was born in El Salvador and came to the United States in 2004. Guardado earned the equivalent of a high school degree in El Salvador, but has no other skills or training and her work history consists of just the five years she spent at Roos Foods. Guardado only speaks Spanish and is not able to work legally in the United States.

Roos Foods filed a Petition for Termination of Benefits on November 7, 2014, arguing that Guardado was no longer totally disabled and was physically able to return to work. The Board held a hearing on March 24, 2015. The Board denied Roos Foods' Petition for Termination of Benefits on April 7, 2015, concluding that Guardado was a *prima facie* displaced worker and that Roos Foods had not shown that there was work available for Guardado given her capabilities and limitations. Roos Foods then filed this appeal. I have concluded that the Board's decision is supported by substantial evidence and free from legal error.

## STANDARD OF REVIEW

The Supreme Court and this Court repeatedly have emphasized the limited appellate review of the factual findings of an administrative agency. The function of the Superior Court on appeal from a decision of the Industrial Accident Board is to determine whether the agency's decision is supported by substantial evidence and

2

whether the agency made any errors of law.[1] Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[2] The appellate court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[3] It merely determines if the evidence is legally adequate to support the agency's factual findings.[4] We review errors of law *de novo*.[5] Absent an error of law, the Board's decision will not be disturbed where there is substantial evidence to support its conclusions.[6]

## DISCUSSION

Normally, in a total disability case, the employer is initially required to show that the claimant is not totally incapacitated (i.e., demonstrate "medical employability").[7] The claimant is then required to rebut that showing, by showing that he or she is a *prima facie* displaced worker, or submit evidence of reasonable, yet

---

[1] *General Motors v. McNemar*, 202 A.2d 803, 805 (Del. 1964); *General Motors v. Freeman*, 164 A.2d 686 (Del. 1960).

[2] *Oceanport Ind. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. 1994); *Battista v. Chrysler Corp.*, 517 A.2d 295, 297 (Del. Super. 1986), *app. dism.*, 515 A.2d 397 (Del. 1986)(TABLE).

[3] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[4] 29 *Del.C.* § 10142(d).

[5] *Person-Gaines v. Pepco Holdings Inc.*, 981 A.2d 1159, 1161 (Del. 2009).

[6] *Dallachiesa v. General Motors Corp.*, 140 A.2d 137 (Del. Super. 1958).

[7] *Howell v. Supermarkets General Corp.*, 340 A.2d 833, 835 (Del. 1975).

unsuccessful, efforts to secure employment which have been unsuccessful because of the injury (i.e., actual displacement").[8] As a rebuttal, the employer may then present evidence showing that there are regular employment opportunities within the claimant's capabilities.[9]

The Workers' Compensation Act provides that employees who have suffered a loss in earning power following a workplace injury are entitled to benefits, and this inquiry requires consideration of the employee's individual circumstances. The Board made three findings in reaching its decision denying Roos Foods' Petition for Termination of Benefits. First, the Board found that Roos Foods met its initial burden by showing that Guardado was medically employable. Second, the Board found that Guardado rebutted that presumption by showing that she was *prima facie* displaced based upon her individual circumstances. Third, the Board found that Roos Foods did not present evidence showing that there were regular employment opportunities within Guardado's capabilities and limitations. Roos Foods argues that the Board erred 1) in relying on Guardado's undocumented worker status to conclude that she is a *prima facie* displaced worker, 2) in applying the *Campos*[10] decision to the *prima facie*

---

[8] *Id.*

[9] *Id.*

[10] *Campos v. Daisy Construction Company*, 107 A.3d 570 (Del. 2014).

4

displaced worker analysis, and 3) in not requiring Guardado's displacement to be casually related to her accident at work, but instead basing it on her citizenship status.

## I. Medically Employable

The Board's finding that Guardado is medically employable is based upon substantial evidence and free from legal error. In a stipulation of facts, signed by the parties, both Dr. DuShuttle and Dr. Eric T. Schwartz concluded that Guardado is physically capable of returning to work with restrictions. Both doctors agree that Guardado can do one-handed light-duty work with her right hand and use her injured left hand as an "assistance hand." This evidence is uncontradicted and clearly established that Guardado is medically employable.

## II. Displaced Worker

The Board's finding the Guardado is a *prima facie* displaced worker is based upon substantial evidence and free from legal error. "A worker is displaced if she is so handicapped by a compensable injury that [s]he will no longer be employed regularly in any well known branch of the competitive labor market and will require a specially-created job if [s] he is to be steadily employed."[11] An injured worker can be considered displaced either on a *prima facie* basis or through showing "actual"

---

[11] *Torres v. Allen Family Foods,* 672 A. 2d 26, 30 (Del. 1996) citing Ham *v. Chrsyler Corp.* 231 A.2d 258, 261 (Del. 1967).

displacement. The Board found that because Guardado only applied for a few jobs there was no basis to find "actual" displacement. Therefore, the Board had to consider whether Guardado was displaced on a *prima facie* basis. The critical elements to be considered in finding *prima facie* displacement are a person's age, mental capacity, education, and training.[12] Under normal circumstances, to qualify as a *prima facie* displaced worker, one must have only worked as an unskilled laborer in the general labor field.[13] Guardado's job at Roos Foods was classified as an unskilled job in production assembly.

The undisputed testimony before the Board established that Guardado 1) is 38-years-old, 2) is unskilled, 3) only speaks Spanish, 4) has the equivalent of a high school diploma from El Salvador, 5) can only use her right hand for light-duty work and left hand as an "assistance hand," 6) has only worked for five years, and 7) is an undocumented worker unable to work legally in the United States. The Board recited these facts in its written opinion with the primary focus being on the fact that Guardado was an undocumented worker. Even without Guardado's undocumented status, the evidence certainly supports the Board's finding that she fits into the *prima facie* displaced category. Guardado is almost middle-aged and has no education

---

[12] *Chrysler Corp., v. Duff*, 314 A.2d 915, 916 (Del. 1973).

[13] See *Vasquez v. Abex Corp*., 618 A.2d 91 (Del. 1992)(TABLE), 1992 WL 397454, at *2 (Del. Nov. 5, 1992).

beyond high school in El Salvador.  Guardado has no real workplace training, very little work experience, does not speak English, is unskilled in the labor market, and has work restrictions that limit her to light-duty work with one hand.  These undisputed facts certainly portray a woman disqualified from regular employment in any well-known branch of the competitive labor market.  When you add in the fact that she can not work legally in this country, then her difficulties in obtaining work become even greater. There is no doubt that Guardado, with her capabilities and limitations, is going to have a very difficult time finding a job.

## III.  Availability of Regular Employment

The Board's finding that Roos Foods failed to provide a labor market survey showing that there were jobs available to Guardado that took into consideration all of her capabilities and limitations is based upon substantial evidence and free from legal error.  "If the evidence of degree of obvious physical impairment, coupled with other factors such as the injured employee's mental capacity, education, training, or age, places the employee prima facie in the "odd-lot" category, as defined in *Hartnett* and *Ham*, the burden is on the employer, seeking to terminate total disability compensation, to show the availability to the employee of regular employment with the employee's capabilities.[14]  As the Superior Court stated in *Abex*, "Common sense

---

[14] *Chrysler Corporation v. Duff*, 314 A.2d 915, 916-17 (Del. 1973).

and everyday experience tells us that a person with given physical disabilities may be physically capable of performing certain "available" work, but because of [her] disability may be unacceptable to an employer and thus unable to secure such work ... Jobs must be realistically "within reach" of the disabled person ... A showing of physical ability to perform certain appropriate jobs and general availability of such jobs is ... an insufficient showing of the availability of said jobs to a particular claimant."[15]

Ellen Lock, a vocational rehabilitation witness for Roos Foods, performed a labor market survey. Lock testified that the survey was a representative sample of positions available to Guardado. Lock was aware of Guardado's job history, her inability to speak English, educational history, and her physical limitations. Lock identified eight potential positions in her labor market survey that she claimed were suitable for Guardado. Lock acknowledged that two of the jobs that Dr. Schwartz took issue with were probably not suitable for Guardado. Lock was not aware of Guardado's legal inability to work in the United States. Lock stated it would be relevant to employers, but she did not ask them if they would hire an undocumented worker. Therefore, there is no evidence in the record that there are jobs are available

---

[15] *Campos v. Daisy Construction Company,* 107 A.3d 570, 576 (Del. 2014) citing *Abex v. Brinkley*, 252 A.2d 552, 553 (Del. Super. 1969).

to Guardado with her qualifications and limitations.

The Board found that while Guardado was medically able to work with restrictions, she belonged in the "odd-lot" category because of her individual circumstances, thus shifting the burden to Roos Foods to show the availability of regular employment. The Board found that Roos Foods could not carry its burden to show that work was available to Guardado with her qualifications and limitations because Roos Foods' own witness could not testify that there was any work available for Guardado in light of her undocumented status.

Roos Foods argues that the Board's consideration of Guardado's immigration status was inappropriate and unrelated to her accident at work. The Delaware Supreme Court in *Campos*, a total disability case, addressed this, stating that federal restrictions that prevent employers from hiring undocumented workers may make it more difficult for an employer to prove job availability, but any difficulty is appropriately borne by the employer, who must take the employee as it hired [her].[16] Guardado was an undocumented worker when she was hired by Roos Foods. Roos Foods could have prevented the problems it now complains of if it had only checked Guardado's immigration status before it hired her. Roos Foods, as the Supreme Court ruled in *Campos*, must take Guardado as it hired her. The fact that Guardado may

---

[16] *Campos v. Daisy Construction Company*, 107 A.3d 570, 572 (Del. 2014).

have difficulty getting another job because of her age, low education level, lack of skills and work experience, physical limitations and immigration status is something that Roos Foods must accept.

## CONCLUSION

The Board's finding that 1) Guardado was medically able to work with restrictions, 2) was a *prima facie* displaced worker, and 3) Roos Foods did not establish that work was available to Guardado within her restrictions and qualifications is based upon substantial evidence in the record and free from legal error.

The Industrial Accident Board's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Very truly yours,

*/s/ E. Scott Bradley*

E. Scott Bradley

ESB/sal
oc:    Prothonotary