IN THE SUPREME COURT OF THE STATE OF DELAWARE

MAGDALENA GUARDADO, §
§ No. 576, 2018
Claimant Below, §
Appellant, § Court Below:   Superior Court
§ of the State of Delaware
v. §
§ C.A. No. S15A-05-002
ROOS FOODS, INC., §
§
Employer Below, §
Appellee. §

Submitted:   May 15, 2019
Decided:   July 24, 2019

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

**O R D E R**

On this 24th day of July 2019, upon consideration of the parties' briefs and the record on appeal, it appears that:

(1)    The appellant, Magdalena Guardado, appeals from the Superior Court's denial of her request for attorneys' fees incurred in a previous appeal to this Court.[1] She contends that the Superior Court erred as a matter of law in denying her request for attorneys' fees because the court's short ruling is premised on its finding that "Guardado's position at the hearing before the Industrial Accident Board was not

---

[1]  *See Roos Foods v. Guardado (Guardado I)*, 152 A.3d 114 (Del. 2016).

affirmed by the Supreme Court."[2]   Under 19 *Del. C.* § 2350(f), the Superior Court is authorized, but not required, to award appellate fees "where the claimant's position in the hearing before the [Industrial Accident] Board is affirmed on appeal."[3]

(2)    In 2010, Guardado injured her left wrist in a work-related accident while working as a machine manager for Roos Foods.   Thereafter, she received workers' compensation total disability benefits.   Two years after the accident, she had a left wrist fusion performed by Dr. Richard DuShuttle, and shortly thereafter, Dr. DuShuttle released her to light-duty one-handed work.

(3)    Following Dr. DuShuttle's release, Roos Foods filed a petition for review with the Industrial Accident Board (the Board) alleging that Guardado was able to return to work.   At the hearing before the Board in March 2015, the parties generally agreed that Guardado could return to light-duty one-handed work, but disagreed as to whether she was a displaced worker and the extent to which her undocumented status should be considered, if at all, in making that determination. Roos Foods argued that Guardado was not a *prima facie* displaced worker and that, even if she were, its labor market survey, which did not take into account her undocumented status, was sufficient to demonstrate that there were jobs available

---

[2] Appellant's Opening Br. Ex. A.
[3] 19 *Del. C.* § 2350(f).

for her. Guardado argued that she was *prima facie* displaced based on her undocumented status, as well as the traditional factors,[4] and that because Roos Foods's labor market survey failed to consider her undocumented status, it could not (and did not) show that there were jobs actually available to her. In its rebuttal, Roos Foods argued that undocumented status does not equate to being *prima facie* displaced and that the Board could infer that the jobs in its labor market survey were available to undocumented workers because "[u]ndocumented workers are hired all the time."[5]

(4) Following the hearing, the Board denied Roos Foods's petition for review. First, the Board found that Guardado was no longer totally disabled. It next determined that she had not demonstrated actual displacement: "Claimant testified that she had only applied to a few jobs; however, she had not heard back from any of those. Based on this little evidence, there is no basis to find 'actual' displacement. The sole issue is whether she should be considered displaced on a *prima facie* basis."[6] The Board concluded that "Claimant qualifies as a [*prima facie*] displaced worker based upon her undocumented status and Employer has failed to present a Labor Market Survey that shows regular employment

---

[4] Age, mental capacity, education, and training. *E.g.*, *Chrysler Corp. v. Duff*, 314 A.2d 915, 916 (Del. 1973).
[5] App. to Appellant's Opening Br. at A74.
[6] App. to Appellee's Answering Br. at B8.

opportunities within Claimant's capabilities as an undocumented injured worker."[7] "While Employer did prepare a Labor Market Survey of prospective jobs that could be available to Claimant with her physical restrictions," the Board continued, "it did not address all of Claimant's restrictions; and therefore, [it] cannot be considered reliable evidence of jobs actually available to Claimant."[8]

(5) The Board's decision was affirmed by the Superior Court. Roos Foods then appealed to this Court. We described the appeal as presenting two questions: (1) "whether an injured worker's immigration status alone renders her a *prima facie* displaced worker" and (2) "whether the Board properly found that the employer failed to meet its burden of showing regular employment opportunities within the worker's capabilities because its evidence failed to take into account the worker's undocumented status."[9] As to the first issue, we held that "an undocumented worker's immigration status is not relevant to determining whether she is a *prima facie* displaced worker, but it is a relevant factor to be considered in determining whether she is an actually displaced worker."[10] As to the second issue, we held that "the Board correctly rejected the employer's evidence of regular employment

---

[7] *Id.* at B11.
[8] *Id.*
[9] *Guardado I*, 152 A.3d at 116.
[10] *Id.*

4

opportunities for the worker because that evidence failed to consider her undocumented status."[11]

(6)    Because the Board committed legal error in finding Guardado to be *prima facie* displaced based on her undocumented status alone, we reversed the judgment of the Superior Court and remanded the matter for a new hearing before the Board.[12]    The remand placed back before the Board the issues of whether Guardado was, or was not, a *prima facie* displaced worker, and, if so, whether Roos Foods could meet its burden of showing that regular employment opportunities were available to her, taking into account her undocumented status.

(7)    Following the rehearing, the Board granted Roos Foods's petition for review and terminated Guardado's total disability benefits.    Although the Board again found Guardado to be *prima facie* displaced (without considering her undocumented status), Roos Foods successfully convinced the Board that there were jobs actually available to Guardado by presenting a revised labor market survey and expert testimony that showed a high prevalence of undocumented workers in the types of jobs identified in the survey.    Guardado appealed this decision to the Superior Court, which affirmed the Board's decision.[13]    Guardado then appealed to

---

[11] *Id.*
[12] *Id.* at 122.
[13] *Guardado v. Roos Foods, Inc.*, 2018 WL 776422 (Del. Super. Feb. 7, 2018).

this Court, and "we affirm[ed] the judgment of the Superior Court on the basis of its opinion."[14]

(8) Following our ruling in *Guardado II*, Guardado filed an application for attorneys' fees with the Superior Court pursuant to 19 *Del. C.* § 2350(f) in which she sought fees for her counsel's work on the first appeal to this Court, *Guardado I.* In her application for fees, she contended that she was eligible for fees under the statute because, in *Guardado I*, this Court affirmed her position before the Board that Roos Foods failed to meet its burden of showing the availability of regular employment for her because its evidence did not take into account her undocumented status.[15]

(9) The Superior Court denied Guardado's request in a two-sentence letter:

> I have denied Magdalena Guardado's application for attorneys' fees pursuant to [19] *Del. C. §2350(f)* for appellate work done by her attorneys before the Supreme Court because Ms. Guardado's position at the hearing before the Industrial Accident Board was not affirmed by the Supreme Court. While the fact that Ms. Guardado's undocumented status properly became a relevant consideration on the question of her employability, that does not, in my view, justify an award of attorneys' fees to her.[16]

---

[14] *Guardado v. Roos Foods, Inc. (Guardado II)*, 194 A.3d 906, 2018 WL 4378709, at *1 (Del. Sept. 14, 2018) (en banc) (Table).
[15] *See Guardado I*, 152 A.3d at 120-22.
[16] Appellant's Opening Br. Ex. A.

(10) This Court reviews a grant or denial of nonmandatory attorneys' fees for abuse of discretion.[17] Questions of law, including the interpretation of a statute, are reviewed *de novo*.[18]

(11) Guardado contends that the Superior Court erred as a matter of law in denying her request for attorneys' fees because her position before the Board (that her status as an undocumented worker was relevant to a determination of her employability) was affirmed by this Court in *Guardado I*.

(12) To be eligible for a fee award under § 2350(f), the claimant's position at the hearing before the Board must have been affirmed on appeal. The statute provides: "The Superior Court may at its discretion allow a reasonable fee to claimant's attorney for services on an appeal from the Board to the Superior Court and from the Superior Court to the Supreme Court where the claimant's position in the hearing before the Board is affirmed on appeal."[19] Thus, only after the court determines that "the claimant's position in the hearing before the Board is affirmed on appeal,"[20] may it exercise its discretion in deciding whether to award fees.

(13) In *Guardado I*, we found that a worker's undocumented status was not relevant in deciding whether she was a *prima facie* displaced worker, but we agreed

---

[17] *DiGiacomo v. Bd. of Pub. Educ.*, 507 A.2d 542, 546 (Del. 1986).
[18] *City of Wilm. v. Nationwide Ins. Co.*, 154 A.3d 1124, 1127 (Del. 2017).
[19] 19 *Del. C.* § 2350(f).
[20] *Id.*

with Guardado's position that where an undocumented worker is determined to be a *prima facie* displaced worker, the employer's burden of showing that regular employment opportunities are available to the worker must take into account her undocumented status.[21] In so ruling, we affirmed Guardado's position before the Board that the employer's evidence of employment opportunities available to her was insufficient because that evidence failed to take into account her undocumented status.[22] Because we affirmed her position on the employer's burden of showing available employment opportunities where a *prima facie* displaced worker is undocumented, we find that she was eligible to receive fees under the statute.

(14) Although the Superior Court could have awarded Guardado attorneys' fees under the statute, we find no abuse of discretion in its decision not to do so. The statute provides that the Superior Court "may at its discretion" award attorneys' fees to an eligible claimant.[23] "An abuse of discretion occurs when a court has exceeded the bounds of reason in light of the circumstances, or so ignored recognized rules of law or practice so as to produce injustice."[24]

(15) In its letter explaining its denial of Guardado's fee application, the court's second sentence stated, "[w]hile the fact that Ms. Guardado's undocumented

---

[21] *Guardado I*, 152 A.3d at 120 ("[W]here the employer has the burden of establishing that jobs are actually available to a claimant, that burden must take into account the claimant's undocumented status.").

[22] *Id.* at 120-22.

[23] 19 *Del. C.* § 2350(f).

[24] *McNair v. State*, 990 A.2d 398, 401 (Del. 2010).

8

status properly became a relevant consideration on the question of her employability, that does not, in my view, justify an award of attorneys' fees to her."[25]   Although the court's reasoning was not a sound analysis of Guardado's eligibility for fees, it was a permissible exercise of the court's discretion to deny fees.   The court recognized the issue upon which Guardado did prevail on appeal, but it concluded that an award of fees was not justified.   Denying fees for the reason given in the second sentence is consistent with the statute's purpose.   Prior case law has explained that the statute's purpose is "to prevent depletion of a claimant's compensation award by attorney's fees incurred in successfully resisting an employer's meritless appeal."[26]   The employer's appeal was not meritless.   The issues raised on appeal in *Guardado I* were legitimate issues.   Moreover, no depletion of a claimant's award occurred because the employer ultimately prevailed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED.**

BY THE COURT:

/s/   James T. Vaughn, Jr.
Justice

---

[25] Appellant's Opening Br. Ex. A.
[26] *Aetna Cas. & Sur. Co. v. Rodriguez*, 399 A.2d 1289, 1292 (Del. 1979).

9