**ALL AMERICAN ENGINEERING COMPANY et al., Employers-Appellants,**

v.

**David E. PRICE et al., Claimants-Appellees.**

Superior Court of Delaware, New Castle.

Submitted Sept. 9, 1975.

Decided Oct. 2, 1975.

Max S. Bell, Jr., Wilmington (for all Employers-Appellants' Counsel), Richards, Layton & Finger, Wilmington, for employers-appellants.

Richard A. Paul (Oliver V. Suddard) and John Biggs, III, Wilmington, for claimants-appellees.

## OPINION

O'HARA, Judge.

Counsel for claimants-appellees in the consolidated appeal of 43 Workmen's Compensation cases have petitioned for allowance of attorneys' fees under the provisions of 19 Del.C. § 2350(f). That section provides as follows:

> "(f) The Superior Court may in its discretion allow a reasonable fee to claimant's attorney for his services on an appeal from the Board to the Superior Court and from the Superior Court to the Supreme Court where the claimant has prevailed in his hearing before the Board and is affirmed on appeal. Such fee shall be taxed in the costs and become part of the final judgment in the cause and may be recovered against the employer or employer's insurance carrier."

The history of the cases dates back several years. In 1971, the General Assembly approved an increase from $50.00 to $75.00, in the maximum amount of allowable benefits under the Workmen's Compensation laws. 58 Del.Laws, Ch. 96. Claimants, who had previously been awarded maximum compensation of $50.00 per week, presented motions to the Industrial Accident Board ("Board") requesting increases in their awards to the new maximum. On August 11, 1971, the Board entered an order effecting such an increase.

The Board's order was appealed to this Court by the employers-insurers, and was reversed on the ground that the statute was an unconstitutional impairment of contract and violation of due process. *All American Engineering Company v. David E. Price, et al.,* (letter opinion dated March 30, 1973, by Judge Robert C. O'Hara, No. 5222 C.A.1972). On further appeal, the Supreme Court reversed the Superior Court's finding that the statute was unconstitutional. *Price v. All American Engineering Company,* Del.Supr., 320

A.2d 336 (1974). The Supreme Court remanded the cause to the Board, however, since it found that the Board could not properly take its action absent a full hearing with notice and opportunity for the parties to be heard.

No further hearing was held on this matter, since agreements were entered between all claimants and their respective employers-insurers, providing for the requested supplemental benefits. The Board did consider other matters, but the propriety of its action in those matters is not the subject of this opinion. The sole question now before this Court is whether counsel for the various claimants-appellees are entitled under 19 Del.C. § 2350(f) to attorneys' fees for their appeals brought before this Court and the Supreme Court from the order of the Board.

The employers-insurers argue that an allowance for attorneys' fees may not be ordered by this Court since the statute is inapplicable to the proceedings in this action in two respects: 1) 19 Del.C. § 2350(f) permits an allowance for attorneys fees only "where the claimant has prevailed in his *hearing* before the Board". (Emphasis added). Since the case was remanded to the Board for the very reason that a proper hearing was never held, it is argued that the statute is by its terms inapplicable, and 2) it is urged that the allowance may not be granted because the Board's decision was not "affirmed on appeal", as is required by § 2350(f), but was remanded to the Board.

■ While a literal reading of § 2350(f) might yield the result sought by respondents, such is not consistent with the purpose of the statute. § 2350(f) was enacted to prevent the depletion of awards granted by the Board by fees generated by the appeal of such awards by employers, where the award granted is ultimately up-· held on appeal. In the instant cases, the appeal taken by the employers-insurers was based upon the alleged unconstitutionality of the statute. The Supreme Court upheld its constitutionality and endorsed the action of the Board taken under it, on the condition that the Board on remand comply with the due process requirements of notice and a hearing. It was made clear by the Supreme Court that it agreed with the result reached by the Board and disagreed merely with the procedural steps taken to reach that result. This was also the understanding of the parties as to the effect of the Court's decision, as is apparent from the fact that the parties did not seek to relitigate the basic issue of whether the supplemental benefits should be awarded but rather entered an agreement whereby the benefits would be awarded. The overall effect of the Supreme Court's decision was thus an affirmance of the claimants' position, despite the fact that the Court remanded the cases to the Board for compliance with certain procedural requirements.

■ Nor does the absence of a full hearing before the Board's initial decision remove from this Court the authority to grant an allowance for fees under § 2350(f). In order to bring the statute into play, it is sufficient that an appeal be taken from a ruling of the Board favorable to the claimant, and that the claimant's position during that appeal be ultimately upheld. That is exactly what happened in the cases now before this Court. Accordingly, this Court may in its discretion grant an allowance for attorneys' fees under § 2350(f).

Having reached the conclusion that such an allowance is proper, there remains before this Court the question of the amount of the allowance. This question would best be resolved with the aid of an evidentiary hearing, for which the parties should now make arrangements with this Court.

It is so ordered.