HOPE'S SUBURBAN GARBAGE,
Employer-Appellant,

v.

P. HOPE, Employee-Appellee.

EMPLOYERS INSURANCE OF WAUSAU,
Insurance Carrier for Employer, HAVEG
INDUSTRIES, INC., Employer-Appellant,

v.

Barbará MILLS, Employee-Appellee.

Superior Court of Delaware,
New Castle.

Submitted Sept. 9, 1975.

Decided Nov. 21, 1975.

Howard M. Berg, Berg, Taylor & Komissaroff, Wilmington, for Hope's Suburban Garbage.

John Biggs, III, Biggs & Battaglia, Wilmington, for P. Hope.

B. Wilson Redfearn, Tybout and Redfearn, Wilmington, for Employers Ins. of Wausau, Insurance Carrier for Employer, Haveg Industries, Inc.

Richard A. Paul, Oliver V. Suddard, Wilmington, for Barbara Mills.

O'HARA, Judge.

This is a consolidated appeal from a decision of the Industrial Accident Board ("Board") in nine Workmen's Compensation cases. Appellants contest the validity of the Board's actions in (1) the awarding of attorneys' fees under 19 Del.C. § 2127, and (2) the ordering of payment of interest under 19 Del.C. § 2350(e).

Prior to May 27, 1971, the Board had awarded to each of the nine claimants Workmen's Compensation benefits of $50.-00 per week, which was, at the time, the maximum grant permitted under the Delaware Workmen's Compensation laws. On May 27, 1971, the General Assembly approved House Bill 234, which provided for the payment of supplemental increases to claimants previously granted maximum compensation awards, so as to raise the level of such awards to a new maximum of $75.00 per week. 58 Del.Laws, Ch. 96[1] Each of the nine claimants now before the Court qualified for this supplemental increase.

1. 58 Del.Laws, Ch. 96 was codified as 19 Del.C. § 2334.

At various times after the passage of House Bill 234, each of the nine claimants presented a motion to the Board requesting the ordering of the supplemental increase. Pursuant to these motions, the Board entered the requested orders.

In a consolidated appeal by the employers-insurers from numerous similar orders of the Board, including orders in several of the cases involved here, this Court found that 19 Del.C. § 2334 was an unconstitutional impairment of contract and violation of due process. *All American Engineering Company v. David E. Price, et al.,* (letter opinion dated March 30, 1973, by Judge Robert C. O'Hara, No. 5222 C.A. 1971). On further appeal, the Supreme Court reversed the Superior Court's finding that 19 Del.C. § 2334 was unconstitutional. *Price v. All American Engineering Company,* Del.Supr., 320 A.2d 336 (1974). The Supreme Court remanded the cases to the Board, however, finding that Board's entry of orders for supplemental increases on mere motion, without a full hearing, violated constitutional due process.

Due to the Supreme Court's decision in *Price v. All American Engineering Company,* supra, it became apparent that each of the nine cases now under appeal, either as a direct result of the *Price* decision or under principles of *stare decisis,* would have to be returned to the Board for a full hearing sufficient to meet constitutional requirements. Such hearings were made unnecessary, however, when the claimants in each of these nine cases entered agreements with their respective employers or insurers which provided for the supplemental increases ordered by 19 Del.C. § 2334.

 The only post-appeal hearings held before the Board were related to the awarding of attorneys' fees for services before the Board, under 19 Del.C. § 2127, and to interest on appeals, under 19 Del.C. § 2350(e).

In its decision dated October 22, 1974, the Board awarded an attorney's fee of $250.00 in each of the nine instant cases, "regardless of the amount of prior fees paid in the case", for services performed before the Board. The Board also ordered payment of interest on the original award, computed at the legal rate from the date of the original order. Both of these actions by the Board have been appealed by the employers-insurers.

The right of a claimant to assess his employer with his attorney's fee is statutory, found in 19 Del.C. § 2127(a):

"A reasonable attorney's fee in an amount not to exceed 30% of the award or $2250, whichever is smaller, shall be allowed by the Board to any employee *awarded* compensation under this chapter and Chapter 23 and taxed as costs against a party." (Emphasis added)

Appellants contend that this statute does not permit the Board to assess upon them a claimant's attorney's fee where a compensation amount is fixed by agreement between a claimant and his employer or insurer. In support of this proposition, appellants rely upon Industrial Accident Board Rule No. 24(A), which provides as follows:

"(A) If the claimant is entitled to an attorney's fee as part of the award under 19 Del.C. Section 2127(a), the attorney may not seek any additional compensation from his client for services before the Board in connection with the claim involved; but if the claimant is ineligible for an attorney's fee as part of an award because, for example, the case is settled without formal hearing or because the claimant received no award as a result of the hearing or because the hearing was held on a claimant's petition for commutation, then the provisions of Section 2127 find no application. In such case the attorney may look to his client for compensation in accord with any agreement he may have had with the client just as an attorney may do in other forms of litigation, but in no event will an attorney's fee in excess of $2,250 be received by the claimant's attorney for service rendered in any one controversy."

The language of this rule, adopted April 1, 1973, was taken from the opinion of Judge Andrew D. Christie of this Court in *Anderson v. Wheeler Construction,* Del. Super., 267 A.2d 616 (1970). Thus, there is support in both a judicial opinion and the Board's own rule for the proposition that a claimant is ineligible for the awarding of an attorney's fee under 19 Del.C. § 2127(a) where the case is settled without formal hearing.

The Supreme Court based its holding in *Price v. All American Engineering Company,* supra, upon its finding that the awarding of supplemental increases upon mere motion did not meet the requirements of a formal hearing. Before any formal hearing could be held in the nine cases at bar, settlement agreements were reached. Since the cases were settled without formal hearing, the award of attorney's fees of $250 to each claimant was improper and is, therefore, reversed.

■ The second contention raised by appellants relates to the granting by the Board of interest on the supplemental increases, to be computed from the dates of the Board's original orders granting those increases. Entitlement to interest is controlled by 19 Del.C. § 2350(e), wherein it is provided that:

"If the decision of the Board is affirmed by an appellate court, the employee shall be entitled to all compensation plus interest at the legal rate from the time of the award by the Board."

In applying this statute, the Board concluded that "since the action of the Board on the only substantive issue expressly or impliedly approved by the Board, the constitutionality of the statute, was affirmed by the Supreme Court then the claimant is entitled to interest at the legal rate from the time of the award or order of the Board".

This Court acknowledges that the Supreme Court's action in upholding the constitutionality of the supplemental increase statute (19 Del.C. § 2334) amounted to an affirmance of the claimants' position. This Court has recently relied upon its belief that the claimants' position was "affirmed" by the Supreme Court, in granting the requests of certain of these claimants' attorneys for attorneys' fees, under 19 Del.C. § 2350(f), for services performed before the Superior and Supreme Courts during the testing of the constitutionality of 19 Del.C. § 2334. *All American Engineering Company v. David E. Price, et al.,* (opinion of Judge Robert C. O'Hara, dated October 2, 1975, No. 5222 C.A.1971).

It does not follow, however, that claimants are entitled to interest under 19 Del.C. § 2350(e). Interest which is awarded under that section is to be computed "from the time of the award made by the Board". In the instant cases the only "awards" made by the Board were made upon motions of the claimants, without a formal hearing. The Supreme Court found that no valid award could be made in this fashion, since to do so would violate due process. *Price v. All American Engineering Company,* supra. The Supreme Court remanded the case to the Board in order that it might properly make awards after full constitutional hearings, but before the Board could hold such hearings, the cases were settled.

It is thus apparent that although the Supreme Court affirmed claimants' positions on the principal issue of the constitutionality of the statute, it did not affirm a particular award of compensation upon which interest could be based. The amount of supplemental compensation to be paid these claimants was agreed upon among the respective parties and was never validly decided by the Board. Absent a valid award made by the Board, interest under 19 Del. C. § 2350(e) through the period of appeals is improper.

The decision of the Board as to both attorneys' fees under 19 Del.C. § 2127 and interest under 19 Del.C. § 2350(e) should, therefore, be reversed.

It is so ordered.