AETNA CASUALTY & SURETY
COMPANY et al., Appellants
Below, Appellants,

v.

Domingo RODRIGUEZ et al., Appellees
Below, Appellees.

Supreme Court of Delaware.

Submitted Jan. 16, 1979.

Decided March 12, 1979.

Susan C. Del Pesco of Schnee & Castle, P. A., and Max S. Bell, Jr. of Richards, Layton & Finger, Wilmington, for appellants below, appellants.

Oliver V. Suddard, Wilmington, for appellees below, appellees and cross-appellants.

Before QUILLEN and HORSEY, JJ., and BROWN, Vice-Chancellor.

HORSEY, Justice:

This is an appeal from a decision and order of the Superior Court allowing attorney's fees to claimants' attorney for services on appeal from the Industrial Accident Board to be taxed as costs against certain employers and carriers under 19 *Del.C.* § 2350(f). The issues on appeal[1] are (1) whether under the facts a fee is allowable under 19 *Del.C.* § 2350(f) and (2) reasonableness of the fee award of $45,000. The employers and insurers appeal as to both questions. The claimants appeal as to the

---

1. This consolidated appeal involves employers and insurers in 12 of the 43 cases which were originally consolidated for appeal in the Superior Court. The attorney for whom the fee was awarded is counsel for the claimants in each of the cases here on appeal and was counsel for 35 of the claimants in the 43 cases originally consolidated on appeal from the Industrial Accident Board. The fee in question was awarded for services rendered by claimants' attorney in 35 of the 43 cases consolidated on appeal.

second question, contending the fee award was insufficient. We find the statutory prerequisites for the allowance of attorneys' fees under 19 *Del.C.* § 2350(f) not to have been met under the facts of this case, and therefore we reverse.

## I

The pertinent history of this case is set forth in several prior reported opinions. *All American Engineering Company v. Price, et. al.*, Del.Super., No. 5222 C.A.1972 (unreported), reversed and remanded, Del.Supr., 320 A.2d 336 (1974); *All American Engineering Company v. Price*, Del.Super., 348 A.2d 333 (1975); *Hope's Suburban Garage v. Hope*, Del.Super., 348 A.2d 336 (1975); and *Price v. All American Engineering Company*, Del.Super., No. 5222 C.A.1971 (unreported—1978).

However, some history of this case is necessary for an understanding of the disposition of this appeal. The legal services rendered by claimants' attorney related to 1971 legislation increasing workmen's compensation benefits for employees who were totally disabled before the law's effective date. (58 Laws of Delaware, Ch. 96, as amended by 58 Laws of Delaware, Ch. 311, codified in 19 *Del.C.* § 2334, hereafter sometimes referred to as the "Act".) A disabled person, David E. Price, then made application to the Industrial Accident Board for benefits under the Act; and the Board, after hearing and over the employer-insurer's objection, granted Price the benefits provided by the Act.

The *Price* decision was appealed to the Superior Court on the sole ground that the Act's retroactive benefits were unconstitutional. While the appeal was pending and before decision, 42 other claimants filed motions with the Board for supplemental benefits under the Act; and the Board, over objections of the employer-insurers affect-

ed, claiming lack of due notice and opportunity for a full hearing, entered orders on the motions granting supplemental benefits to each of the claimants, some 35 of whom were represented by the attorney whose fee for appellate services is in question.[2] The employers-insurers in each of the 42 cases filed appeals with the Superior Court on multiple grounds of (1) lack of procedural due process; (2) the constitutionality of the Act; and (3) the reasonableness of the fee allowances for services before the Board. The cases were then consolidated with the *Price* appeal.

The Superior Court held the Act to be unconstitutional. *All American Engineering Company v. Price, et. al.*, Del.Super., No. 5222 C.A.1972 (unreported). On appeal, this Court held the Act to be constitutional but held, ". . . it was reversible error for the Board to act under [19 *Del.C.* § 2334] without due notice and opportunity [of the employers-insurers] to be heard. . . ." *Price v. All American Engineering Company*, supra, 320 A.2d at 342. The effect of this Court's decision was to nullify the Board's proceedings as to the award of supplemental disability benefits in all of the 43 cases but the one involving Price. However, following remand of the cases to the Board, no further hearings were held by the Board concerning the 42 applicants for supplemental disability benefits under the Act. Rather, all of said claims for supplemental disability benefits were resolved by settlement agreements reached between the parties. See *All American Engineering Company v. Price*, supra, 348 A.2d at 335.

## II

Following settlement of these claims, counsel for claimants in the 43 cases consolidated on appeal petitioned the Superior Court for allowance of attorneys' fees under 19 *Del.C.* § 2350(f) for their services on appeal from the Board. Counsel also con-

---

**2.** The supplemental benefit orders entered by the Board in each of the cases included attorney's fee awards for services before the Board under 19 *Del.C.* § 2127(a) in an amount equal to 30% of the increased benefits, up to $2,250 less any amount already paid.

currently filed with the Board applications for attorneys' fees for services before the Board under 19 *Del.C.* § 2127(a). They did so as a result of this Court's advice in *Price* that the prior fee allowances by the Board in its 1971 orders of up to $2,250 per case should be reconsidered in light of the reversal and remand for lack of procedural due process.[3] (320 A.2d at 342).

The revised counsel fee award under § 2127(a) for services before the Board was appealed to the Superior Court and decided at the same time that the Court decided the question of the allowance of attorney's fees under § 2350(f) for services on appeal. As to the former, the Court reversed the Board's award, stating that the ". . . right of a claimant to assess his employer with his attorney's fee is statutory . ."; that the statute predicates a fee award on an employee having been "awarded compensation"; and that no award had been made by the Board inasmuch as the cases had been settled by the parties. The Court also referred to Board Rule No. 24(A), stating that § 2127 had no application where a case is settled without formal hearing. Hence, the Court concluded that the claimants were ineligible for the awarding of attorney's fees under § 2127(a). *Hope's Suburban Garage v. Hope,* supra, 348 A.2d 336.

### III

However, on the question of the allowance of counsel fees for services on appeal under § 2350(f), the Court ruled that counsel fees were allowed. *All American Engineering Company v. Price,* supra, 348 A.2d 333. The Court reasoned that since this Court had held the Act to be constitutional, the claimants had, in essence, "prevailed" before the Board, even though the Board's proceedings had been held to be in violation of procedural due process. While the Court acknowledged that a "literal reading" of

§ 2350(f) might result in denial of a fee allowance, such denial would defeat the purpose of the statute, namely, ". . . to prevent the depletion of awards granted by the Board by fees generated by the appeal of such awards by employers where the award granted is ultimately upheld on appeal". (348 A.2d at 335). The Court concluded that by reason of this Court's finding of the Act to be constitutional, this Court thereby ". . . endorsed the action of the Board . . ." and thus, in effect, "affirmed on appeal" within the meaning of § 2350(f).

### IV

The Superior Court has misconstrued our 1974 ruling in *Price* ; for this Court expressly disapproved the Board's actions in granting supplemental benefits without complying with the notice and hearing requirements of 19 *Del.C.* § 2345 and § 2347. For that reason, the Board's compensation awards were reversed as to all claimants but Price and the cases remanded for new hearings.

The Superior Court has also failed to heed the essential requirements of § 2350(f) and the fact that the employers and insurers did prevail upon appeal. 19 *Del.C.* § 2350(f) provides:

"(f) The Superior Court may, at its discretion, allow a reasonable fee to claimants' attorney for his services on an appeal from the Board to the Superior Court and from the Superior Court to the Supreme Court where the claimant has prevailed in his hearing before the Board and is affirmed on appeal. Such fee shall be taxed in the costs and become part of the final judgment in the cause and may be recovered against the employer or employer's insurance carrier". (Underlining added for emphasis).

■ Under the facts of these consolidated cases, claimants fail to meet either of the

---

**3.** On remand, the Board, under 19 *Del.C.* § 2127(a) made a revised award of attorney's fees to claimants' counsel of $250 per case, with the orders stating that the award was "regardless of amount of prior award in the case".

dual requirements of § 2350(f). Since this Court previously held the hearings as to all claimants but Price to have been "without due notice and opportunity to be heard" in violation of 19 *Del.C.* §§ 2345 and 2347, the 1971 hearings as to the some 42 cases were effectively nullified. Hence, claimants have failed to meet the first requirement of § 2350(f), that is, of prevailing before the Board. Claimants other than Price failed to meet the second requirement of the statute, namely, that the decision of the Board be affirmed on appeal. Both of these requirements are conditions to the statutory allowance of attorney's fees to be taxed as costs. *Alloy Surfaces Company c. Cicamore*, Del.Supr., 221 A.2d 480 (1966).

 The allowance of fees[4] in the instant cases is also contrary to the underlying purpose of the statute, namely, to prevent the depletion of a claimant's compensation award by attorney's fees incurred in successfully resisting an employer's meritless appeal. Here the employers-insurers' some 42 appeals were determined to be meritorious, and the contested fees were awarded for services on appeal in all of those cases. Thus, no basis exists for charging the appellants, employers and insurers, with claimants' attorney's fees for services on appeal.

## V

Having determined that claimants are not entitled to an award of fees under 19 *Del.C.* § 2350(f), the remaining questions as to the reasonableness or sufficiency of the fee award are moot. However, the impression should not be left that claimants' counsel has been uncompensated in this matter. Counsel has received from claimants for services before the Board or on appeal $70,000 or more; and counsel has received another $30,000 from employers-insurers who elected not to appeal the Board's original benefit-awards. Further, between $25,000 and $30,000 of the $45,000 in fees here in issue have, in fact, previously been paid to claimants' counsel by certain other employers and insurers who, having initially joined in this appeal, later elected to withdraw.

REVERSED.

---

4. It is understood that no fee was requested or granted as to Price.