Olson M. IRWIN, Employee-Appellant,

v.

FRANKLIN FABRICATORS, Employer-Appellee.

Superior Court of Delaware,
New Castle.

Nov. 22, 1972.

Oliver V. Suddard, Wilmington, for employee-appellant.

Howard M. Berg, William J. Taylor, III, Berg, Taylor & Komissaroff, Wilmington, for employer-appellee.

## OPINION

O'HARA, Judge.

Olson M. Irwin ("claimant") is appealing a decision of the Industrial Accident Board ("Board") which terminated his total disability benefits.

Claimant, a steel worker, was disabled as a result of an industrial accident which occurred on April 8, 1970. The claimant and his employer's insurance carrier, Reliance Insurance Co., ("carrier"), entered into agreements for total disability payments. On March 2, 1972, Franklin Fabricators ("employer") petitioned the Board to terminate the existing compensation agreement that it had with claimant. A hearing was held on April 24, 1972 and May 17, 1972.

After the evidence was presented at the hearing, the Board found that the employer had met its burden of proof and that there was nothing to prevent the claimant from returning to work or obtaining a job in the general labor market. The Board believed, as noted by the treating physician, Dr. Walter L. Bailey, that the reason claimant could not obtain work was his lack of proper motivation. The Board, therefore, made the decision to grant the petition to terminate claimant's total disability compensation. While the Board deferred awarding any permanent partial disability compensation, it did order certain payments to be made by the carrier of hospital bills, witness fees and attorney's fees.

The question to be decided by this Court it whether the decision of the Board to terminate total disability compensation is against the weight of evidence. The Board found that the employer met its burden of proof. This Court feels that the Board erred in making such a finding.

■ Total disability compensation was paid to claimant under agreements worked out between claimant and the carrier. Memoranda of these agreements, in accord-

ance with the Workmen's Compensation Law of the State of Delaware, were filed with and approved by the Board. It is settled law in this State that once total disability is established, as here, it continues until the employer is able to show the availability of regular employment within the claimant's capabilities. Bigelow v. Sears, Roebuck & Company, 260 A.2d 906, (Del. Supr.1969); Governor Bacon Health Center v. Helen M. Noll Civil Action No. 5280, 1971 (Del.Super.1972—As yet unreported opinion of Judge Andrew D. Christie dated November 13, 1972).

In the instant case, the transcript of the hearing does not reveal any proof set forth by the employer that regular employment, within claimant's capabilities, is, or was, available. The hearing, however, did set out evidence by medical testimony, that claimant, in his present condition, could return to his job as a steel worker. A showing such as this is insufficient to meet the burden of the employer where a termination of total disability benefits is sought. Proof that claimant has the "physical ability to perform certain appropriate jobs and general availability of such jobs is, . . . an insufficient showing of the availability of said jobs to a particular claimant . . .". Abex Corporation v. Brinkley, 252 A.2d 552 (Del.Super.1969).

The issue of whether claimant is a "displaced" or "odd lot" worker is raised in this case. Employer feels that it has met its burden of proof and that this is *not* a situation of an "odd lot" or "displaced" worker where it is the burden of the employer to show the availability of regular employment within the claimant's ability and training.

In Ham v. Chrysler Corporation, 231 A.2d 258 (Del.Supr.1967), a "displaced" worker is defined as "a worker who, while not completely incapacitated for work, is so handicapped by a compensable injury that he will no longer be employed regularly in any well known branch of the competitive labor market and will require a specially-created job if he is to be steadily employed". The essence of the test to know if a person is a "displaced" or "odd lot" worker is "the probable dependability with which claimant can sell his services in a competitive labor market, undistorted by such factors as business booms, sympathy of a particular employer or friends, temporary good luck, or the superhuman efforts of the claimant to rise above his crippling handicaps". M. A. Hartnett, Inc. v. Coleman, 226 A.2d 910 (Del.Supr.1967); 2 Larson, Workmen's Compensation Law, § 57.51. The term "total disability" is defined as "a disability which prevents an employee from obtaining employment commensurate with his qualifications and training". That is, it is such a disability "that the employee is unable to perform any services 'other than those which are so limited in quality, dependability or quantity that a reasonably stable market for them does not exist'". M. A. Hartnett, Inc. v. Coleman, supra. Comparing these definitions it is apparent that the totally disabled person would naturally fall into the broader category of the "displaced" worker. Indeed, the idea that a totally disabled person would be included in the term "displaced" worker is underlined by the fact that in the *Ham* opinion, the court points out specifically that its concept of what is a "displaced" worker is obtained from the reasoning of the *Hartnett* decision. Ham v. Chrysler Corporation, supra.

In the instant case, the claimant, an employee, had been found to be totally disabled and had been unsuccessful in trying to obtain employment. Claimant has never been offered a job by anybody, including the employer, which he has refused to accept. The claimant, because of his proper receipt of total disability compensation, is a "displaced" worker. To terminate a claimant's total disability compensation or to deny total disability compensation to a "displaced" claimant, the burden of proof of the employer is the same. The employer must show the availability of regular work within the claimant's capabilities.

Governor Bacon Health Center v. Helen M. Noll, supra; Ham v. Chrysler Corporation, supra.

▪ The Court in a workmen's compensation case may overturn a finding of the Board where there is no substantial competent evidence to support a factual finding. Johnson v. Chrysler Corporation, 213 A.2d 64 (Del.Supr.1965); Children's Bureau of Delaware v. Nissen, 3 Terry 209, 29 A.2d 603 (Del.Super.1942). To substantiate its conclusions that there was nothing to stop claimant from returning to work or obtaining a job in the general labor market and that the employer had met its burden of proof, the Board made the finding that it believed, "as Dr. Bailey noted, that the problem in this case preventing the claimant's employment is a lack of proper motivation". The comments that Dr. Bailey made as to the claimant's motivation were in reference to why he estimated the loss of use of claimant's left leg at 25% permanent partial disability. They were *not* made in reference to the issue of claimant's employability.

▪ Dr. Bailey in discussing the damage to claimant's leg, while admitting that it would always give him some trouble, felt that if claimant was motivated enough to go out and work then he felt claimant's leg would not interfere with his ability to do it. The testimony of Dr. Bailey concerning motivation, therefore, was not charging that claimant's employment problem was due to lack of motivation. Indeed, the claimant did not lack motivation in trying to seek work but instead did make an effort to find employment but failed miserably. Claimant testified at the hearing that his lack of success was due to his medical and accident history and at times due to his lack of training or a high school diploma. Dr. Bailey, who was first recommended to claimant by the carrier, agreed that laborers with a history of a fall and injuries like those of the claimant have an employability problem. The physician confirmed claimant's conviction that "nobody would take him back with that history". Thus, Dr. Bailey did not feel that a lack of motivation on the part of claimant was the cause of his inability to secure regular work. The Court, therefore, finds that there was no substantial competent evidence to support this finding of the Board.

There is no doubt that claimant tried to obtain employment but due to his industrial accident and the injuries he thereby sustained, he was severely handicapped in obtaining work within his capabilities. He was marked as a "bad risk" and thus, he was "displaced" and could not sell his services in a competitive labor market.

The Court concludes, therefore, that the employer did not meet its burden of proof in that claimant had been found to be totally disabled and was, in fact, a "displaced" worker. The decision of the Industrial Accident Board should be reversed.

It is so ordered.