**FRANKLIN FABRICATORS, Employer, Appellant,**

v.

**Olson M. IRWIN, Employee, Appellee.**

Supreme Court of Delaware,

June 1, 1973.

Howard M. Berg, and William J. Taylor, III, Berg, Taylor & Komissaroff, Wilmington, for employer, appellant.

Oliver V. Suddard, Wilmington, for employee, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

HERRMANN, Justice:

The appeal in this workmen's compensation case involves the burden of proof imposed upon the employer who seeks termination of total disability compensation of the employee.

The Industrial Accident Board terminated the employee's total disability status, ruling that, in view of the medical testimony that the employee had recovered sufficiently to return to his regular work, the "problem in this case preventing the claimant's employment is a lack of proper motivation." The record shows that the employer made an offer of proof of the "availability of regular employment within the claimant's capabilities" [Ham v. Chrysler Corporation, Del.Supr., 231 A.2d 258 (1967)]; but that the Board rejected the offer, ruling such proof irrelevant under the evidence in the case.

Upon appeal, the Superior Court held that the employee was a "displaced" worker, within the *Ham* definition; that the employer had failed to sustain the burden of proving the availability of regular employment, imposed by *Ham* upon an employer seeking to terminate a "displaced" employee's total disability compensation; and, thereupon, the Superior Court reversed the Industrial Accident Board. See Opinion below at Del.Supr., 300 A.2d 19. Upon the employer's motion for reargument, the Superior Court declined to remand the case to the Board in order to afford the employer the opportunity to sustain its *Ham* burden of proof; this on the ground that the application had not been made earlier. The employer appeals.

■ We agree with the Superior Court's conclusion that the record in this case establishes the employee's status as that of a "displaced" worker within the test and definition of the *Ham* case: When injured, the employee was working at his regular job of a steel fabricator and erector. His work regularly required him to work high above ground level. The accident here involved was a fall from a structure about 18 feet high, resulting in injuries to left arm and leg. The employee was ultimately found to have a 25% permanent loss of use of the left leg, based primarily upon lack of flexion. Such regular employment and such permanent loss of use notwithstanding, the medical testimony was to the effect that the employee could do the various physical acts required by his work as a steel erector and fabricator, "if he is motivated enough to go out and work."

The employee testified that after release by the doctor, he made numerous attempts to obtain employment—all without success: He stated that because of his condition, he could not work as a steel fabricator and erector. A roofing company, for which he had previously worked, refused to employ him because of the accident and because he had leg surgery. An application at another roofing company was also unsuccessful,

presumably for the same reason. The employee applied for "anything that was available" at the local General Motors plant but was told that, in view of the accident history, there was nothing "light enough there for him to do" that they "just didn't want to take the chance" on him because of his injury. He also applied for work unsuccessfully at the local Chrysler plant and at various building contractors. He attributed his failure to obtain work with building contractors to lack of training and experience and to the attitude that he was a "bad risk" because of the leg injury. The employee has also applied for work, without success, at the iron worker's union and the electrician's union, seeking an apprentice status because of lack of experience and training in those trades. He has been spending his time helping his wife with her household chores.

None of the employee's testimony, regarding unsuccessful efforts to obtain employment, was rebutted.

■ We think it clear from the uncontroverted evidence that the employee's compensable injury left him in the "displaced" worker category. As stated in *Ham*, "inability to secure work, if causally connected to the injury, is as important a factor as the inability to work" in determining the "displaced" worker status (231 A.2d at 261). This employee's situation portrays an injured worker totally disabled economically by reason of his inability to obtain employment, [M. A. Hartnett, Inc. v. Coleman, Del.Supr., 226 A.2d 910 (1967)], and thus a "displaced" worker who must be deemed still totally disabled within the meaning of the Delaware Workmen's Compensation Law, unless and until the employer is able to sustain his burden of showing the availability of regular employment within the employee's capabilities. Ham v. Chrysler Corporation, Del.Supr., 231 A.2d 258 (1967).

■ We are thus in agreement with the Superior Court's conclusion that this employee falls within the "displaced" worker

category and that the employer had the *Ham* burden of proof. We are in disagreement, however, with the Superior Court's refusal to remand the case to the Board with instructions to afford to the employer the opportunity to sustain that burden of proof, as the employer had attempted to do by the tender of proof which was rejected by the Board. This Court has consistently afforded the employer that opportunity upon remand. Ham v. Chrysler Corporation, Del.Supr., 231 A.2d 258, 262 (1967); Huda v. Continental Can Company, Inc., Del.Supr., 265 A.2d 34, 36 (1970); Stikeleather v. Zappacosta, Del. Supr., 293 A.2d 572 (1972).

Accordingly, the Superior Court's reversal of the Industrial Accident Board is affirmed, but with instructions to remand the cause to the Board for the purpose of affording to the employer the opportunity to sustain its *Ham* burden of proof.

■ For the sake of clarity, we take the occasion to state that the burden-of-proof rule of the *Ham* case is intended to apply only in "displaced" worker cases. It is not intended to apply in every case in which the employer seeks to terminate total disability compensation, as is indicated in the opinion of the Court below. See 300 A.2d at 21.

■ In this class of case, we apply the "general-purpose principle on burden of proof", approved at 2 Larson, Workmen's Compensation Law § 57.61, pp. 88.16–88.19: If the evidence of degree of obvious physical impairment, coupled with other factors such as the injured employee's mental capacity, education, training, or age, places the employee *prima facie* in the "odd-lot" category, as defined in *Hartnett* and *Ham*, the burden is on the employer, seeking to terminate total disability compensation, to show the availability to the employee * of regular employment within the employee's capabilities. This was the situation in *Ham* and in Bigelow v. Sears, Roebuck &

Company, Del.Supr., 260 A.2d 906 (1969). If, on the other hand, the evidence of degree of physical impairment, coupled with the other specified factors, does not obviously place the employee *prima facie* in the "odd-lot" category, the primary burden is upon the employee to show that he has made reasonable efforts to secure suitable employment which have been unsuccessful because of the injury; upon such *prima facie* showing of "odd-lot" classification, the *Ham* burden of proof is imposed upon the employer, seeking to terminate total disability compensation, to show availability to the worker, thus "displaced", of regular employment within his capabilities. This was the situation in Huda v. Continental Can Company, Inc., Del.Supr., 265 A.2d 34 (1970), and in the instant case. In either case, full opportunity must be afforded the employer to sustain the burden of proof thus imposed.

---

* See Abex Corporation v. Brinkley, Del.Super., 252 A.2d 552 (1969).