**GOVERNOR BACON HEALTH CENTER**

v.

**Helen M. NOLL.**

Superior Court of Delaware,
New Castle.

Jan. 9, 1974.

---

Howard M. Berg, of Berg, Komissaroff & Sawyer, Wilmington, for employer-appellant.

Oliver V. Suddard, Wilmington, for employee-appellee.

OPINION

CHRISTIE, Judge.

Governor Bacon Health Center, the employer, brings this case before the Court on appeal from a decision of the Industrial Accident Board which denied the employer's petition to terminate the total disability benefits currently being paid to the claimant, Helen Noll.

The claimant, a registered nurse, became totally disabled as a result of a personal injury which occurred on June 20, 1968, when she attempted to lift a patient into a wheelchair. An agreement for the payment of total disability compensation commencing July 18, 1968, was subsequently entered into by the claimant and the insurance carrier of Governor Bacon Health Center. A separate agreement was also entered into whereby the claimant would receive compensation for a period of one hundred twenty weeks commencing November 18, 1970, for a forty percent permanent partial disability to her back.[1]

On February 22, 1971, the employer filed a petition to terminate the claimant's total disability benefits. The Industrial Accident Board denied the petition on the ground that the employer had failed to meet its burden of showing the availability of employment to the claimant. On appeal, this Court subsequently affirmed the decision of the Board. See Governor Bacon Health Center v. Noll, Del.Super., Civil Action No. 5280, 1971, an unreported opinion dated November 13, 1972.

On August 15, 1972, the employer filed a second petition with the Board to terminate the claimant's total disability benefits. Following a hearing which was held on March 21, 1973, the Board denied the employer's petition on the ground that it had once again failed to meet its burden of showing that there was employment available to the claimant. It is this decision of

---

1. This compensation was to be paid independently of any total disability which the claimant might receive.

the Board which this Court must now consider on appeal.

Attacking the decision of the Board, the employer contends that it was error for the Board to place the burden of proof on the employer without first ruling that the claimant was a displaced worker.

■ Initially, it should be noted that despite its contention that the total disability of the claimant has terminated, the employer has not alleged any change in the physical condition of the claimant. Although in the case of a petition to terminate total disability benefits an employer generally has the burden of establishing at the outset that the claimant is not completely incapacitated for work, in this case the parties have agreed that the forty percent permanent partial disability to the claimant's back is the extent of her physical disability.

Once it has been established, as it has in this case, that the claimant is not totally disabled physically, the question may arise whether or not the claimant is nevertheless totally disabled economically. It is established in Delaware that a worker "may be totally disabled economically, and within the meaning of the Workmen's Compensation Law, although only partially disabled physically." Ham v. Chrysler Corporation, Del.Supr., 231 A.2d 258, 261 (1967). If a claimant is unable to secure employment because of his condition, "medical evidence that he could perform such work, if he could get it, will not detract from his status of total disability." M. A. Hartnett, Inc. v. Coleman, Del.Supr., 226 A.2d 910, 913 (1967).

When a determination must be made as to whether or not a claimant is totally disabled economically, the "odd-lot" doctrine, or the "displaced worker" concept, is generally utilized.

A "displaced worker" is one who falls within the "odd-lot" category. The term relates "to a worker who, while not completely incapacitated for work, is so handicapped by a compensable injury that he will no longer be employed regularly in any well known branch of the competitive labor market and will require a specially-created job if he is to be steadily employed." Ham, supra, 231 A.2d at p. 261.

The burden-of-proof rule in cases where the employer seeks to terminate total disability benefits is generally stated in the following terms: a displaced worker "must be deemed totally disabled, within the meaning of the Workmen's Compensation Law, unless the employer is able to show the availability of regular employment within the claimant's capabilities." Ham, supra, 231 A.2d at p. 262.

As indicated earlier, the Board denied the employer's petition on the ground that the employer had failed to meet its burden of showing the availability of employment to the claimant. The Board stated:

"[T]he cases are clear that when there is a petition to terminate the compensation of a displaced worker or of one totally disabled, 'the employer has the burden of proving the availability of regular employment within the employee's capabilities and that total disability, once established, is deemed to continue until such availability is proved.' * * * If the displaced worker concept and the totally disabled worker concept are distinctions without a difference, then so be it."

■ It is apparent that the Board would place the Ham burden of proof on the employer in every case in which the employer seeks to terminate total disability benefits. As recently clarified by the Supreme Court, however, the burden-of-proof rule of the Ham case is not intended to apply in every case in which the employer seeks to terminate total disability benefits but rather only in "displaced worker" cases.[2]

2. It is thus clear that an employer seeking to terminate total disability benefits will have the burden of showing availability of employment to the claimant only in "displaced

Franklin Fabricators v. Irwin, Del.Supr., 306 A.2d 734 (1973).

▪ In placing the burden of proof on the employer, the Board, relying upon the Superior Court's decision in Duff v. Chrysler Corporation, Del.Super., 301 A.2d 309 (1972), assumed that a "totally disabled worker" is also a "displaced worker." As subsequently announced by the Supreme Court, however, in its reversal of the decision in the *Duff* case, *supra*, it is erroneous to equate the concepts of the totally disabled worker and the displaced worker. Chrysler Corporation v. Duff, Del.Supr., 314 A.2d 915 (1973).

The burden-of-proof rule, as amplified by the Court in the *Franklin Fabricators* case, *supra*, is as follows:

"If the evidence of degree of obvious physical impairment, coupled with other factors such as the injured employee's mental capacity, education, training, or age, places the employee *prima facie* in the 'odd-lot' category . . . the burden is on the employer, seeking to terminate total disability compensation, to show the availability to the employee of regular employment within the employee's capabilities. * * * If, on the other hand, the evidence of degree of physical impairment, coupled with the other specified factors, does not obviously place the employee *prima facie* in the 'odd-lot' category, the primary burden is upon the employee to show that he has made reasonable efforts to secure suitable employment which have been unsuccessful because of the injury; upon such *prima facie* showing of 'odd-lot' classification, the *Ham* burden of proof is imposed upon the employer, seeking to terminate total disability compensation, to

show availability to the worker, thus 'displaced', of regular employment within his capabilities." *Franklin Fabricators, supra*, 306 A.2d at p. 737.

Thus, under the rule as it has been announced since the hearing before the Board in this case, the Board must determine whether or not the "degree of obvious physical impairment, coupled with other factors such as the injured employee's mental capacity, education, training, or age, places the employee *prima facie* in the 'odd-lot' category," *Franklin Fabricators, supra,* before a ruling may be made as to who has the burden of proof.

As indicated earlier, the Board failed to make such a determination and placed the burden of proof on the employer. The employer contends that even if the Board had considered the appropriate factors and had determined that the claimant obviously appears to fall within the "odd-lot" category, the employer met the burden of showing the availability of employment to the claimant.

The claimant is a registered nurse licensed to practice in the State of Delaware. She is sixty-two years of age and has had approximately twenty-five years of experience working as a nurse/receptionist in the offices of physicians and dentists. At the present time she and her husband reside in Florida. She has testified that she experiences pain approximately once a week. She has not returned to work since the date of her injury.

The medical testimony indicates that despite the forty percent permanent partial disability to her back, the claimant is physically capable of performing nurse-related work—excluding patient care—on a half-

---

worker" cases, i. e., where it appears that the claimant is totally disabled economically rather than totally disabled physically.

The rationale behind this burden-of-proof rule is stated in the *Ham* case, *supra*, 231 A.2d at p. 262:

"If the labor market offers regular employment to a claimant, so handicapped by a

compensable injury as to disqualify him from obtaining regular work in any well known branch of the competitive labor market, the employer is in a better position to ascertain that fact than is the employee. Under such circumstances, the burden of proof fairly and properly rests with the employer."

day basis with an occasional day off should she be especially troubled by her back.

The claimant states that she is willing to work but that she has been unable to find employment. The record indicates, however, that her efforts to find a job consisted of three telephone calls to the same number of hospitals.

On the other hand, an employment counsellor who had been engaged by the employer to search in Florida for employment for the claimant testified that he had located numerous job opportunities which he believed were well suited to the claimant's situation. His sources in Florida were employment agencies, advertisements in the local newspapers, and the yellow pages of the telephone directory.

He stated that when he contacted the employment agencies he advised them that she was looking for a part-time job and suggested that "the best area to look for her would be in the clerk-typist medically related offices, doctors, dentists, insurance companies, that could use both her clerical skills and her familiarity with medical terminology." It is noted that although he set up an appointment for the claimant with an employment agency, she failed to keep the appointment—due to a dentist appointment—and made no attempt to make other arrangements with the employment agency.

Mr. Schlecker, the employment counsellor referred to above, also contacted numerous nursing homes and hospitals and discovered that they are in great need of persons with the claimant's background, i. e., nursing and clerical experience, who could assist patients, even on a part-time basis, in completing medical forms.

In conclusion, Mr. Schlecker stated that, after talking to various employment agencies and potential employers about the claimant's physical problem as well as her experience, it was his belief that there were numerous positions available to the claimant on a part-time basis due to her knowledge of medical terminology and her nursing experience.

■ On the facts of this case, it is the opinion of this Court that the Board could not have made a determination based upon substantial evidence that "the evidence of degree of obvious physical impairment, coupled with other factors such as the injured employee's mental capacity, education, training, or age, places the employee *prima facie* in the "odd-lot category[.]" Therefore the primary burden of proof should not have been placed upon the employer to show availability of employment to the claimant. Instead, the Board should have placed the *prima facie* burden upon the employee "to show that he has made reasonable efforts to secure suitable employment which have been unsuccessful because of the injury[.]" *Franklin Fabricators, supra.*

Had the evidence obviously placed the employee *prima facie* in the "odd-lot" category, or alternatively, had the employee satisfied his burden of showing that she had made "reasonable efforts," the *Ham* burden of proof would have been properly imposed upon the employer. It is the opinion of this Court, however, that the evidence introduced by the employer was sufficient to satisfy the burden which it would have had under either set of circumstances hypothetically set forth above.[3] Under the circumstances of this case it is difficult to visualize what more an employer could do than the employer did in this case to show the availability of work to the claimant.[4]

---

3. While the Board found that the employer had failed to show availability of employment, the Board noted:

"What we see is a woman 62 years of age who, if she really wanted to, could find a suitable part-time job with part-time hours . . . . We believe that the claimant would rather receive a weekly check [for] total disability benefits than venture forth into the labor market again."

4. It is noted that while the employer has not offered the claimant a job, the claimant has stated that she would not return to Delaware to work.

The claimant was not required to offer evidence in rebuttal to the employer's evidence of availability of employment as the Board decided that the employer had failed to meet its burden of proof. Fairness dictates that the parties should be given the opportunity to reconsider their presentation in this case in light of the burden-of-proof rule as it has been clarified since the hearing in this case in the *Franklin Fabricators* case.

While evidence already in the record need not be repeated, the Board should hear any additional evidence the parties wish to offer. The Board should make findings as to who has the primary burden of proof and should render a decision, after hearing any additional evidence which may be offered in connection with such findings, in light of the *Franklin Fabricators* case, *supra,* and this opinion.

The decision of the Board is reversed and the case is remanded for an additional hearing and a new decision.