**Kenneth HEBB, Plaintiff Below, Employee, Appellant,**

v.

**SWINDELL–DRESSLER, INC., Defendant Below, Employer, Appellee.**

Superior Court of Delaware, New Castle County.

Submitted May 23, 1978.
Decided Sept. 12, 1978.

Harvey B. Rubenstein, Wilmington, for plaintiff below, employee, appellant.

Robert W. Ralston of Prickett, Ward, Burt & Sanders, Wilmington, for defendant below, employer, appellee.

O'HARA, Judge.

This matter is before the Court on appeal from a decision of the Industrial Accident Board ("Board"). The claimant, Kenneth Hebb, is a skilled iron worker with twenty-seven years of experience. He was injured in an industrial accident on August 4, 1968 while in the employ of Swindell-Dressler, Inc. ("employer"). Following the accident he received temporary total disability benefits for short periods over the next several years. In addition, the claimant also received compensation for a twenty percent permanent partial disability pursuant to an agreement with his employer for a weakened condition of his left arm.

In October, 1975, claimant succeeded in obtaining a position as an iron worker with Coatesville Contractors despite his arm problem. However, due to the disability he was unable to perform his job without assistance. Shortly after he was hired the claimant was laid off in an economy move by the company employing Coatesville Contractors on a construction project. However, the evidence indicates that, given his considerable work experience, the claimant would have been retained as an employee despite the layoff, had he not been burdened with the disability.

On June 14, 1977, claimant petitioned the Board for a reinstatement of total disability benefits as of October 10, 1975, the date of his dismissal. He also sought an increase in permanent partial disability. The Board denied both requests and the ensuing appeal was brought.

The function of this Court in reviewing a decision of the Board is to determine whether the decision is supported by substantial evidence. *General Motors Corporation v. Freeman*, Del.Supr., 164 A.2d 686 (1960).

With respect to the claimant's request for an increase in permanent partial disability, the medical evidence is conclusive. The testimony presented to the Board, including that of the claimant's own physician, indicates that there has been no deterioration in his condition. Therefore, the claimant is not entitled to an increase in benefits and the Board's holding on the issue of permanent disability must be upheld.

On the issue of the claimant's request for temporary total disability, the

claimant argues that he is a displaced worker and as such the burden of proof before the Board was on his employer to show the availability of regular employment within the claimant's capabilities. The employer, on the other hand, contends that under the holding in *Display Art Studios, Inc. v. Chester*, C.A.No. 5232, 1975, Letter Opinion, Stiftel, P. J., May 20, 1976, the facts of this case do not warrant a finding that the claimant was a displaced worker. The employer also contends that since this is a situation wherein the employee is seeking to have his disability benefits reinstated rather than a suit by the employer to terminate benefits, the burden of proof was on the claimant to establish that there was no employment available to him, regardless of the application of the displaced worker doctrine. For that reason the employer maintains that the instant case is distinguishable from those wherein an employer sought to terminate a displaced employee's benefits. Cf. *Franklin Fabricators v. Irwin*, Del.Supr., 306 A.2d 734 (1973); *Ham v. Chrysler Corporation*, Del.Supr., 231 A.2d 258 (1967); *M. A. Hartnett, Inc. v. Coleman*, Del.Supr., 226 A.2d 910 (1967). In such cases the burden of proof is clearly upon the employer.

An examination of the record shows that neither party presented its position to the Board in terms of the displaced worker doctrine. Nor does it appear that the Board's decision approached the matter from that standpoint. In its decision the Board did make the following finding:

"Iron working is such a laborious employment, we are of the opinion that anyone who can do even "light iron working" could perform regular employment in the nonunion working labor force. We do not believe the claimant has been denied employment, other than that as an iron worker, because of his industrial accident."

Although this language would indicate that the Board did not consider the claimant to be displaced, the Board never expressly reached that conclusion. In previous instances where the Board and the parties have failed to adequately raise the displaced worker doctrine, this Court has re-manded the case for a determination of the employee's status. *Peuchen, Inc. v. Heluck*, Opinion, Taylor, J., Del.Super., 391 A.2d 220 (1978); *Phoenix Steel v. Trivets*, C.A.No. 511, 1977, Letter Opinion, Christie, J., March 9, 1978. The same procedure should be followed here.

*Display Art Studios, Inc. v. Chester*, supra, does not require a contrary conclusion. In that case the disabled employee suffered an injury to his thumb which made him unfit for his prior craft of cabinet-making. The Board concluded that given the delicate nature of the employee's craft, the thumb injury placed him in the displaced worker category. This Court overturned the decision on the ground that it was not supported by the evidence.

It seems obvious that an injury to a thumb alone does not require the placement of an employee into the displaced worker category. In addition, it should be noted that the *Display Art* decision did not discuss many of the factors which are crucial to a finding of displaced worker status, e. g., the employee's mental capacity, education, training, and age; See *Chrysler Corporation v. Duff*, Del.Supr., 314 A.2d 915 (1973); 2 Larson, Workmen's Compensation Law § 57.61 at 10–136, 10–137 (1976); but was apparently based largely on the criterion of obvious physical impairment. However, since the displaced worker concept was designed to deal with economic disability as well as physical disability, *Franklin Fabricators v. Irwin*, supra, it is necessary to consider factors other than the claimant's impairment.

Here we are dealing with an individual who is fifty-four years of age, lacks a high school education, and has no significant job skills other than iron work. Since there is sufficient evidence from which the Board could determine that the claimant is, in fact, displaced, this case must be remanded for rehearing in accordance with 19 Del.C. § 2350(b).

The remaining issue involves the burden of proof before the Board. *Franklin Fabricators v. Irwin*, supra, discussed

the displaced worker doctrine in the context of a petition by an employer to terminate benefits. The language of the case might lead one to infer that the burden of proof in disability cases is always placed upon the party filing the petition. However, the later opinions in *Chrysler Corporation v. Duff,* supra, and *Governor Bacon Health Center v. Noll,* Del.Super., 315 A.2d 601 (1974) indicate that where the evidence before the Board *prima facie* places an employee in the displaced worker category the burden of proof *always* falls upon the employer to show the availability to the employee of regular employment within the employee's capabilities. See also 2 Larson, Workmen's Compensation Law § 57.61 (1976). Neither case suggests that an employee who is *prima facie* displaced must shoulder the burden of proof because he seeks a reinstatement of benefits. If this was the practice the concept of the displaced worker would be a nullity and the Board would merely impose the burden of proof on the petitioning party.

For the reasons stated herein, this Court concludes that the Board's findings on the issue of claimant's permanent disability must be affirmed. However, on the issue of claimant's temporary, total disability the Board must be reversed and the case remanded for a determination of claimant's status as a displaced worker and his entitlement to total disability benefits.

IT IS SO ORDERED.