IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STEVEN POWELL,

    Claimant Below-
    Appellant,

v.

OTAC, INC., d/b/a HARDEE'S,

    Employer Below-
    Appellee.

K18A-06-001 WLW

Submitted: January 2, 2019
Decided: March 5, 2019

## ORDER

Upon an Appeal from the Decision of the
Industrial Accident Board.
*Affirmed.*

Walt F. Schmittinger, Esquire and Candace E. Holmes, Esquire of Schmittinger and Rodriguez, P.A., Dover, Delaware; attorneys for Appellant.

Andrew M. Lukashunas, Esquire of Tybout Redfearn & Pell, Wilmington, Delaware; attorney for Appellee.

WITHAM, R.J.

## INTRODUCTION

Before the Court is the appeal of Appellant Steven Powell (hereinafter "Appellant"), from a decision of the Delaware Industrial Accident Board (hereinafter "the Board" or "IAB") denying his petition that sought to determine compensation due. The Appellant's appeal hinges upon whether the Board erred in its determination that the Appellant presented insufficient evidence to demonstrate that his injury occurred during the course and scope of his employment at a Dover, Delaware Hardee's.

After considering the arguments of the parties and the record before it, the Court finds that the IAB's decision is supported by substantial evidence and is free of legal error. As a result, the Board's decision must be **AFFIRMED**.

## FACTUAL AND PROCEDURAL HISTORY

The Appellant was employed by Hardee's as a part-time line cook for a period of time in 2016.

During a visit with his sister on November 4, 2016, the Appellant fell after misjudging a step on a curb outside and landed on his right shoulder.[1] The Appellant, who had been absent from Hardee's for "a couple of days of work," visited an emergency room immediately after the fall, not because of injuries or pain resulting from the fall, but to obtain a doctor's note to be excused from his previous work absences.[2] The Appellant was X-rayed, given ibuprofen, and released without further

---

[1] Trial Record (TR) at 33.

[2] TR at 34.

2

examination or diagnosis.[3] He returned to work thereafter, apparently without limitation.[4]

The Appellant fell again on November 12, 2016, while working an impromptu shift at Hardee's.[5] The Appellant testified that he reported the injury to his shift manager, "Katherine"[6] and attempted to finish the shift, but was sent home.[7] No injury report was completed at the time of the injury.[8]

The Appellant did not attempt to procure documentation excusing him from work absences after November 12, 2016.[9] However, the Appellant testified that at some point between November 12, 2016 and December 15, 2016, he sought treatment

---

[3] *Id.* at 17-18.

[4] *Id.* at 18 (The Appellant testified that he had no difficulty with the right shoulder before the November 4 fall, nor immediately following the emergency room visit.).

[5] *Id.* at 24. This date is disputed by the parties and was alleged by the Appellant *for the fist time* on the day of the Industrial Accidents Board hearing. The Appellant testified that he was present at Hardee's, and told the shift manager, "Katherine," that he did not have his slip resistant footwear available, but she made him work anyway. *Id.* at 20. Despite the Appellant's lack of personal safety equipment, the Appellant alleges that he complied with Katherine's request, and was injured while carrying dishes. *Id.* at 22. The Appellant alleged that his fall was witnessed by the Appellant's co-worker, Jason Adam. *Id.* at 44.

[6] *Id.*

[7] *Id.* at 24.

[8] *Id.* at 42.

[9] *Id.* at 35.

at Eden Hill Medical Center as a result of a previous fall.[10] According to the Appellant, Eden Hill declined to treat him because he did not have an injury report from Hardee's.[11]

On December 15, 2016, approximately forty-two (42) days after the November 4, 2016 fall and thirty-three (33) days after the alleged November 12, 2016 fall, the Appellant sought treatment from Dr. Richard DuShuttle (hereinafter "Dr. DuShuttle"), a board certified orthopedic surgeon.[12] At the hearing, Dr. DuShuttle testified that the Appellant noted that he first started to feel pain on "11-12-2016."[13] However, notes written by Dr. DuShuttle documented that the injury occurred on December 11, 2016, only four days before the appointment.[14]

Dr. DuShuttle suspected that the Appellant had a torn rotator cuff in his right shoulder and ordered an MRI that subsequently confirmed his suspicions.[15] Despite knowledge of the Appellant's November 4 fall, Dr. DuShuttle testified that he

---

[10] TR at 50 (It is unclear whether the Appellant attempted to get treatment before or after the November 12, 2016 incident.).

[11] *Id.* at 50. Rather than filing and receiving an injury report at that time, the Appellant waited until approximately February 2017. *Id.* at 51.

[12] *Id.* at 5.

[13] DuShuttle Dep. at 23 (However, on a subsequent visit on January 25, 2017, Mr. Powell then identified "12-11-2016" as the date the accident occurred.).

[14] *Id.* at 21-23 (The notes in question were written by Dr. DuShuttle on December 15 and 17.). Dr. DuShuttle testified that the discrepancies were error on his part.).

[15] TR at 7.

believed the Appellant's injury was caused by the fall at Hardee's.[16]

On January 25, 2017, over a month later, the Appellant reported to Dr. DuShuttle that the injury occurred on "12-11-2016."[17]

In February 2017, three to four months after both the November 4 and 12 falls, the Appellant reported the injury to Tony Branch (hereinafter "Mr. Branch"), the new General Manager of the Hardee's.[18] The Appellant documented that the injury occurred on December 11, 2016.[19] However, Mr. Branch further testified that the Appellant could not definitively state whether the accident occurred in November 2016 or December 2016.[20] Mr. Branch did speak with Jason Adam (hereinafter "Adam"), and confirmed that the Appellant did fall at the Hardee's.[21] Notably, however, Branch's testimony at the hearing did not confirm that the Appellant was an employee on November 12, 2016.[22]

Dr. DuShuttle performed the first surgery on the Appellant's right shoulder on

---

[16] DuShuttle Dep. at 18-19.

[17] DuShuttle Dep. at 22.

[18] TR at 40.

[19] Joint Ex. 2; TR at 41.

[20] TR at 43.

[21] *Id.* at 45-46 (The date of the accident was not confirmed, only that a fall took place.).

[22] *Id.* at 49. The Appellant's employment status on November 12, 2016 is a factual issue that was considered by the Board. Branch testified that the last payroll period that the Appellant was listed on was the first two weeks of November 2016. *Id.* at 41. However, there was also evidence in Hardee's payroll records that the Appellant had been fired from Hardee's on November 4, 2016. *Id.*

March 7, 2017.[23]

On June 26, 2017, the Appellant was examined by Dr. Jonathan Kates (hereinafter "Dr. Kates"), a board certified orthopaedic surgeon.[24] Dr. Kates testified that the Appellant stated his injury occurred on December 11, 2016,[25] and initially denied any past shoulder injuries.[26] However, after Dr. Kates' examination of the Appellant's medical history, the Appellant admitted the November 4 fall.[27] Dr. Kates opined that the November 4 fall *could have* been competent to cause a rotator cuff injury,[28] despite the emergency room records from November 4 demonstrating the Appellant was discharged in stable condition and that any follow up would be "as needed."[29]

By October 2017, the Appellant's condition had not improved and he was diagnosed with "frozen shoulder."[30] As a result, Dr. DuShuttle performed a second shoulder surgery in November 2017, that resulted in the Appellant's improvement.[31]

---

[23] DuShuttle Dep. at 8.

[24] Kates Dep. at 5.

[25] *Id.* at 7.

[26] *Id.* at 15.

[27] *Id.* at 16.

[28] *Id.*

[29] *Id.*

[30] DuShuttle Dep. at 11 - 15; TR at 27.

[31] TR at 31.

6

On February 2, 2018, the Appellant filed a petition to determine compensation due and alleged that his shoulder injury was causally related to a work incident that occurred on December 11, 2016.[32]

The Board conducted a hearing in this case on June 5, 2018 and considered live testimony from the Appellant and Branch, and deposition testimony from Dr. DuShuttle and Dr. Kates. Most notably, and for only the second time, the Appellant asserted that the date of injury was November 12, 2016, rather than December 11, 2016.[33]

The Board released its decision on June 14, 2018 and denied the Appellant's petition.[34] The Board found that the Appellant failed to prove that the alleged work injuries were causally related to his work activities and that there was insufficient evidence that demonstrated that the Appellant's injury occurred during his employment at Hardee's.[35] The Board specifically noted that the Appellant's inability to definitively identify the date of injury and failure to timely seek medical treatment hurt his credibility.[36]

The Appellant filed a timely notice of appeal on June 28, 2018 and a written

---

[32] Joint Ex. 1 at ¶ 1.

[33] TR at 36. Apparently, the Appellant, nor Appellant's counsel, made any previous attempts to amend his claim, nor was the Appellee given any warning prior to the hearing.

[34] *Powell v. Hardee's*, IAB Hearing No. 1455486 (June 14, 2018) at 14.

[35] *Id.* at 12.

[36] *Id.*

brief on September 21, 2018. The Appellee's response, in opposition, was received by the Court on October 22, 2018. The Appellant's reply brief was filed on November 30, 2018.

## PARTIES' CONTENTIONS

As grounds for the appeal, the Appellant contends that the Board erred in denying his petition despite sufficient evidence presented that the Appellant's injuries were a result of a workplace accident.[37] The Appellant's argument asserts (1) the injury occurred as a result of a fall at Hardee's on November 12, 2016;[38] (2) this injury occurred during the course and scope of his employment and not from a previous fall outside his sister's home on November 4, 2016;[39] and (3) a causal link between the work accident and the injury was established[40] and any confusion regarding the date of injury,[41] nor failure to seek immediate medical treatment, should bar the Appellant from workers compensation recovery.[42]

The Appellee, in opposition, contends that the Board's decision was supported by substantial evidence and free from any legal error.[43] The Appellee specifically

---

[37] Appellant Brief at 10.

[38] *Id.* at 19.

[39] *Id.* at 11, 13.

[40] *Id.* at 14.

[41] *Id.*

[42] *Id.* at 17.

[43] Appellee Reply at 9.

8

asserts: (1) the Appellant did not meet the required burden of proof;[44] (2) Dr. DuShuttle's testimony was insufficient to establish causation;[45] and (3) the inconsistencies of the evidence presented supported the Board's conclusions.[46]

## LEGAL STANDARD OF REVIEW

The Court's review of a decision by the IAB is governed under Section 6009 of Title 7 of the Delaware Code.[47] Pursuant to section 6009, this Court may affirm, reverse, or modify the Board's decision,[48] but, our review is limited to determining whether the IAB's decision was supported by substantial evidence and free from legal error.[49] Alleged errors of law are reviewed *de novo*, but in the absence of legal error, the Board's decisions are reviewed for an abuse of discretion.[50] Abuse of discretion will be found only when the Board's decision "exceed [ed] the bounds of reason given the circumstances, or where rules of law or practice [were] ignored so as to produce injustice.[51]

---

[44] *Id.* at 10. *See also* Appellant Reply Br. at 2-13.

[45] *Id.*

[46] *Id.* at 12.

[47] *See* 7 *Del. C. § 6009.*

[48] *See Id.* at *§* 6009(b).

[49] *Hebb v. Swindell-Dressler, Inc.,* 394 A.2d 249, 250 (Del. 1978); *see also Histed v. A.I. duPont de Nemours & Co.,* 621 A.2d 340, 342 (Del. 1993).

[50] *Lopez v. Parkview Nursing Home,* 2011 WL 900674, at *3 (Del. Super. Mar. 15, 2011) (citing *Merritt v. United Parcel Svc.,* 956 A.2d 1196, 1200 (Del. 2008) (citations omitted)).

[51] *Id.* (quoting *Bolden v. Kraft Foods,* 2005 WL 3526324, at *3 (Del. Super. Dec. 21, 2005).

When considering the Board's findings of fact, the Court defers to the Board's expertise and competence.[52] As such, the Court does not weigh evidence, determine questions of credibility, or make its own factual determinations.[53] These functions are reserved exclusively for the IAB.[54] However, the Court will review the record "in the light most favorable to the prevailing party"[55] and determine if the evidence presented was legally sufficient to support the IAB's factual findings.[56]

The IAB's decision is deemed supported by substantial evidence when it is based upon "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[57] Substantial evidence is "more than a scintilla, but less than a preponderance of the evidence.[58] If the Court finds that the IAB's findings are supported by substantial evidence, then the IAB's decision must be affirmed.[59]

---

[52] *Histed*, 621 A.2d at 342. *See also* 29 *Del. C.* § 10142(d) ("The Court, when factual determinations are at issue, shall take due account of the experience and specialized competence of the agency and of the purposes of the basic law under which the agency has acted.").

[53] *See Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[54] *Giofre v. C.G. Capitol Group*, 1995 WL 264585, at *3 (Del. Super. Apr. 17, 1995), *aff'd* 670 A.2d 1338 (Del. 1995) (citing *Johnson*, 213 A.2d at 66.)..

[55] *Lopez*, 2011 WL 900674, at *3 (citations omitted).

[56] *Id.* (citing *Devine v. Advanced Power Control, Inc.*, 663 A.2d 1205, 1209 (Del. Super.1995)). *See also* 29 *Del. C.* § 10142(d).

[57] *Histead*, 621 A.2d at 342 (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

[58] *Noel-Liszkiewicz v. La-Z-Boy*, 68 A.3d 188, 191 (Del. 2013).

[59] *Person-Gaines v. Pepco Holdings Inc.*, 981 A.2d 1159, 1161 (Del. 2009).

## DISCUSSION

The Board's decision will be affirmed or reversed based on whether the Court finds that the Appellant did in fact (1) suffer an injury on November 12, 2016 and (2) that injury occurred during the course and scope of his employment with Hardee's and (3) there is an evident causal connection between the employment and injury. Here, after consideration of the record and the parties' assertions, the Court finds that there is substantial evidence that supports the Board's decision to deny the Appellant's petition.

### A. The November 12, 2016 "Injury"

*I.   The Appellant appears to have been employed by Hardee's on November 12, 2016.*

As a preliminary matter, the employee must be employed by the employer when that injury occurs before the employee can have an injury pursuant to the course and scope of employment.[60]

On one hand, there is substantial evidence to suggest that the Appellant was an employee in November 2016. First, the Appellant testified that he initially went to the emergency room after the November 4 fall to get a medical excuse for missed days at work.[61] Second, the Appellant's testimony is clear in that he arrived at Hardee's on November 12, 2016 to "work."[62] Third, the Appellant further testified that he was

---

[60] This is common sense, but the Appellant's employment status has been raised indirectly.

[61] TR at 34.

[62] *Id.* at 20.

11

consistently told subsequent to the November 12 fall that he was not to *come back to work until he was "better."*[63] The Appellant's testimony clearly suggests that the Appellant was employed during the first two weeks of November 2016.

Mr. Branch's testimony also supports the notion that the Appellant was on the Hardee's payroll on November 12, 2016.[64] Additionally, Mr. Branch confirmed that Adam witnessed the Appellant fall at some point in time at the restaurant.[65] Thus, without evidence to the contrary, it appears that the Appellant's November 12 fall falls within the course and scope of his employment at Hardee's.

On the other hand, substantial evidence also exists that is contradictory. Mr. Branch testified that the same Hardee's payroll records that confirmed the Appellant's employment, also documented the Appellant's termination from Hardee's on November 4, 2016.[66] Additionally, when directly asked by the Board if the Appellant was employed by Hardee's on November 12, Mr. Branch never confirmed his employment definitively, and appeared to avoid answering the question, opting instead to state only that the Appellant had fallen at Hardee's.[67]

Finally, the Court notes that the Appellee has never directly argued on appeal, that the Appellant was not employed by Hardee's on November 12, 2016. In light of

---

[63] *Id.* at 32.

[64] *Id.* at 41.

[65] *Id.* at 44.

[66] TR at 41.

[67] *Id.* at 49.

that, and even when examining the record in a light most favorable to the Appellee, the Court finds that substantial evidence exists that demonstrates the Appellant was employed by Hardee's on November 12, 2016.

## B. Appellant Failed to Establish a Causal Connection

The Appellant next argues that he sustained an injury on November 12, 2016, as a result of a fall during the course and scope of his employment at Hardee's. In its decision, the IAB found that the Appellant failed to prove that the alleged work injuries were causally related to his work activities as the evidence presented was insufficient to demonstrate that his injury occurred during his employment at Hardee's.[68] After a review of the record, the Court agrees and finds the record contains substantial evidence to support the Board's finding that the Appellant's shoulder injury was not causally related to any incident that occurred at Hardee's on November 12, 2016.

An employee is entitled to receive workers' compensation benefits for injuries "arising out of and in the course of the employment."[69] The injured employee, as the moving party, has the burden of proof to determine what compensation he is due.[70] The employee also has the burden to prove not only that an injury occurred, but when

---

[68] *Powell,* No. 1455486 at 12.

[69] 19 *Del. C.* § 2304.

[70] 29 *Del. C.* § 10125(c).

that injury occurred.[71] The causal link between the accident's occurrence and injuries sustained is required to be demonstrated by a preponderance of the evidence.[72]

In cases of specific and identifiable workplace accidents, this Court has held that the "but for" definition of proximate cause is applicable.[73] However, the workplace accident itself does not have to be the sole cause, or even a substantial cause of the injury.[74] "If [a] worker has a pre-existing disposition to a certain physical or emotional injury which ha[s] *not itself manifested prior to the time of the accident*, an injury attributable to the accident is compensable if the injury would not have occurred *but for* the accident."[75] "If the accident provides the 'setting' or 'trigger,' causation is satisfied for purposes of compensability."[76]

> *I. The Board's ruling based in part regarding the Appellant's credibility is supported by substantial evidence.*

The Board is the *sole judge* of a witnesses' credibility.[77] Here, the Board found that the Appellant's failure to identify a specific day of injury, coupled with his

---

[71] *Hardy v. Eastern Quality Vending*, 2015 WL 2378903, at *6 (Del. Super. May 12, 2015) (citing *Johnson*, 213 A.2d at 66)).

[72] *Id.* (citing *Buchler v. State*, 1990 WL 74294, *1 (Del. Super. May 23, 1990) (citing *GMC v. Freeman*, 157 A.2d 889, aff'd 164 A.2d 686 (Del.1960))).

[73] *Id.*.

[74] *Id.*

[75] *Hernandez*, 2010 WL 5551335, at *4 (citations omitted) (emphasis added).

[76] *Id.*

[77] *Simmons v. Delaware State Hosp.*, 660 A.2d 384, 388 (Del.1995) (emphasis added).

14

failure to seek immediate medical treatment, detracted from his credibility. The Court agrees.

The Board first cites that the Appellant's testimony was not credible, in part, because of a date of injury discrepancy during his first visit with Dr. DuShuttle.[78] The Board was specifically troubled because the Appellant could not definitively state whether the injury took place in "November or December" of 2016.[79]

Regarding this specific basis for the Board's determination, it appears that the Board misinterpreted the evidence used, in part, in determining the Appellant's credibility. As a matter of material fact, the Board incorrectly cited that the Appellant did not state whether the injury occurred in November or December 2016 on his first visit to Dr. DuShuttle. On the contrary, the record clearly demonstrates that the Appellant noted "11-12-2016" on the December 15, 2016 intake form, as the date of injury.[80]

Second, the Board's assertion regarding the Appellant's apparent confusion on his first visit with Dr. DuShuttle also appears misplaced. The record of the Appellant's testimony demonstrates the following:

Q: From Dr. Dushuttle's depositon we also know that there's some discrepancy in the reporting about the date of your work injury. There's some paperwork from the employer and in Dr. Dushuttle's office that says December 11–12/11.

---

[78] *Powell*, No. 1455486 at 12.

[79] *Id.* (The Board found it incredible that the Appellant would be uncertain if the alleged work related fall occurred four days prior to the first visit with Dr. DuShuttle or on November 12.)

[80] DuShuttle Dep. at 23.

(sic) There's also some paperwork in Dr. DuShuttle's office that says November 12, sort of exactly the flip-flop date, and-was there some confusion at that point when the date was, having given Dr. Dushuttle both?

A: Yes, because when I took a-when I took the report, gave him a report of what happened, Mr. Branch, I told him I didn't know whether it was November or December. That's my exact words.

Q: Okay.

A: It's either/or. I just-it was so long ago, I just forgot.

Q: All right, well, you're getting a little ahead of me, because *we're talking about different paperwork with your employer, right?*

A: Ok. *Well, yes, I told Dr. DuShuttle it was November.*

Q: Okay. And he had some other places in his record-where you said it was December?

A: Because I was like I'm not going to say December again, because I really didn't know. I put December on [Hardee's] paperwork, but I also told [Mr. Branch] I didn't know whether it was December or November.

Q: Okay. *Your paperwork that you're referring at Hardee's is an accident report that was filled out, that you apparently signed; is that right?*

A: *Yes.*[81]

As a result, the record clearly demonstrates that the Appellant was referring to the 2017 Hardee's injury report. Thus, the Court finds that the Board erred, regarding

---

[81] TR at 19-20.

this specific portion of their basis that ultimately found the Appellant's testimony not credible. If this had been the sole basis the Board used in its determination of the Appellant's credibility, the Court might have grounds to remand due to an abuse of discretion. However, that does not appear to be the case here.

In addition to the above, the Board also cited additional date of injury discrepancies regarding the Appellant's assertions, as documented by him on the 2017 Hardee's injury report, and his IAB petition.[82] The Appellant counters by comparing himself to the claimant in *Playtex Prods.*,[83] in supporting his argument that confusion about the date of injury does not preclude him from compensation.

In *Playtex Prods.*, the claimant complained of tingling, numbness, and pain in her arm as a result of an injury sustained when she "wrestle[d]" paper that was stuck.[84] The claimant reported the injury to her supervisor who determined that the injury was minor, and further failed to complete an injury report or advise her to follow up with a doctor.[85] Without prompting, the claimant called her physician immediately, but could not get an appointment until three or four days later.[86] The

---

[82] *Powell*, No. 1455486 at 12.

[83] *Playtex Prods. v. Leonard*, 2002 WL 31814637 (Del. Super. Nov. 14, 2002) *aff'd*, 823 A.2d 491 (Del. 2003).

[84] *Id.* at *1.

[85] *Playtex Prods.*, 2002 WL 31814637, at *1.

[86] *Id.*

claimant was then referred to a neurologist, who saw her over a month later.[87] During

the neurologist visit, the claimant's husband completed the forms provided by the

office and mistakenly checked a box on the form that indicated that her injury was not

work-related.[88] Her husband also mistakenly wrote that her symptoms first appeared

six days before the visit, rather than the month prior.[89]

Making matters worse, the claimant testified at the IAB hearing that she had

been injured on November 16, 2000, which was countered by the employer's

assertion that she had not been on the schedule on that date.[90] The Board determined

that the claimant's testimony was credible as to the cause and place of her injury and

that she was simply confused as to the date of her injury.[91]

Here, an examination of the record and testimony clearly shows substantial

evidence supporting the Board's determination regarding the Appellant's credibility

with relation to the date of injury discrepancy. In regards to the 2017 Hardee's injury

report, the Appellant told Mr. Branch that he could not remember the month of the

injury, but yet, he "went with December" 2016 as the date of injury.[92] The record

further reflects Mr. Branch's testimony that the Appellant's representation of the date

---

[87] *Id.*

[88] *Id.*

[89] *Id.*

[90] *Id.* at *1, 3 (The Board found that the date of injury was on or about November 16, 2000.).

[91] *Id at *3.*

[92] TR at 26.

of injury was unambiguous.[93]

The record also reflects the Appellant's inconsistency regarding the date of injury with Drs. DuShuttle and Kates. On January 25, 2017, the Appellant filled out a second inpatient document at Dr. DuShuttle's office, but changed the date of injury to "12-11-2016."[94] Furthermore, the Appellant continued this deception at Dr. Kates's office in June 2017, but went even further by attempting to conceal the November 4, 2016 fall.[95]

Furthermore, while some of the *Playtex Prods.* facts are similar to the present appeal, other facts are clearly distinguishable. While our Appellant initially provided November 12, 2016 as the date of injury, unlike the claimant in *Playtex Prods.*, he subsequently altered the date of injury to December 11, 2016 *four times, and on four separate documents*, including his petition to the Board. Also unlike *Playtex Prods.*, this deception was over an extended period of time. In addition to this manipulation regarding the date of injury, the Appellant also attempted to deceive Dr. Kates regarding the prior injury on November 4, 2016 and only admitted the injury when pressed. Nothing even close to an active deception is present in *Playtex Prods.* Third, the Appellant completed the documents, along with the date alteration, himself, without the aid of another that might have been mistaken. Our Appellant, unlike the claimant's husband in *Playtex Prods.*, had first hand knowledge that the date of injury

---

[93] *Id.* at 41.

[94] DuShuttle Dep. at 22.

[95] Kates Dep. at 15.

he was disclosing was incorrect. Finally, the Appellant, despite testifying that he, and his attorney for that matter, realized that the December 11, 2016 date was inaccurate, never attempted to amend the petition until the IAB hearing had begun.

The Board next cites that the Appellant's testimony was not credible, in part, due to the fact that he did not seek medical attention for over a month after November 12, but yet, he sought medical attention immediately after November 4. The Appellant cites again to Playtex Prods., as support for his claim that the lack of immediate medical treatment does not preclude him from recovery. The Appellant specifically points to his attempt to seek treatment at Eden Hill, as evidence that he did in fact attempt to seek treatment for the pain.

The Court again finds substantial evidence to support the Board's determination that the Appellant's actions, or lack of actions, negatively impacted his credibility. In this case, the Board made a factual determination that while the Appellant immediately sought treatment on November 4 for a less severe injury than the November 12 injury allegedly was, he declined to seek treatment for the latter, despite his claims of severe pain that led Hardee's to (1) send him home early on November 12 and (2) tell the Appellant not to return until he recovered.[96] The Board further concluded that if the November 12 injury was as severe as Dr. DuShuttle testified, then the Appellant would have required immediate medical attention.[97]

In sum, the record clearly demonstrates substantial evidence to support the

---

[96] *Powell*, No. 1455486 at 13.

[97] *Id.* at 12. The record is silent as to when the Appellant's visit to Eden Hill took place, or if the Appellant attempted to go to the emergency room again after being turned away.

Board's determination that the Appellant was not a credible witness. This lack of credibility, in part, lead the Board to find that the Appellant had not met his burden establishing that a his injury was causally related to his work activities and that there was insufficient evidence that demonstrated that the Appellant's injury occurred during his employment at Hardee's on November 12, 2016. Thus, the Court finds that the Board did not abuse its discretion regarding this portion of its factual findings.

Assuming arguendo, that there were no questions regarding the Appellant's credibility, the Court must still analyze whether the Board's finding regarding insufficient medical evidence to show that Appellant's injury occurred during the course and scope of his employment was supported by substantial evidence. Here, using the same evidence considered above, the Court agrees with the Board and finds that the record reflects substantial evidence that supports the Board's decision that there was insufficient evidence provided by the medical experts that the injury resulted from a work accident.

## CONCLUSION

For the reasons above, the Court finds the IAB's decision is supported by substantial evidence in the record and free from legal error, and that the Board did not abuse its discretion. Therefore, the Board's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

21